JAMES W. NORVELL, Respondent, v. WM. C. DEVAL, Appellant.

1. *Jury, removal of, from one county to another.*—A court has no right to have a jury carried from one county to another.
2. *Jury — Session after adjournment.*—A court has no authority to have a jury in session after the adjournment of the court to a distant day.
3. *Jury —No verdict in case of insanity.*—If, after a jury is sworn, one of them is rendered incompetent by insanity or otherwise, no verdict can be rendered and a new jury must be ordered.
4. *Jury — Verdict, etc.*—The jury must all be in court when the verdict is rendered.
5. *Jury, polling of — Signing of verdict.*— Either party has the right to poll a jury. It makes no difference whether the verdict is signed by all the jurors or only by the foreman.

*Appeal from Phelps Circuit Court.*

*R. P. Bland* and *A. J. Seay*, for appellant.

*Ewing & Smith*, with *Pomeroy*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action for assault and battery, commenced in Crawford county, and taken to Phelps county by change of venue because the judge had been of counsel in the case. The plaintiff was an infant when the suit was commenced, and a next friend was appointed for him without a regular petition. But during the pendency of the suit he became of age, and on motion was allowed to prosecute his suit as an adult, and, as such, filed an amended petition to which the defendant filed an answer, justifying the assault and battery on the ground of self-defense.

The case was submitted to a jury on the 9th of April, 1870, on which day the court made an order of record that if the jury did not agree, the sheriff should keep them in custody, and on the 11th of April, 1870, convey them to Waynesville, Pulaski county. The court adjourned on the 9th of April till the 24th of May, 1870, and the jury found a sealed verdict which was signed by all the jurors, and retained till the court met, on the 24th of May. In the meantime one of the jurors became insane and had

Norvell v. Deval.

been sent to the lunatic asylum, and only eleven jurors appeared in court when the sealed verdict was opened and delivered to the court. The verdict was for five dollars damages in favor of plaintiff. The defendant asked that the jury might be polled, but the court refused permission to poll the jury because one of them was absent and insane, and the defendant excepted. The defendant filed motions for new trial and in arrest, which were overruled and final judgment rendered against him, from which he has appealed to this court.

The only material question in this case is as to the validity of the verdict. The court had no right to have the jury carried from one county to another. This has never been the practice in this State, and ought not to be allowed. The entry of the order for removal amounted to nothing, as it was not carried out.

It seems to me that a court has no authority to leave a jury in session after the adjournment of a term to a distant day. As long as a judge remains as the head of the court he may keep the jury in session. But when the court adjourns over, and he is no longer head of the court, how is a jury to be kept as a constituent part of the court when there is no court in session?

A court may be adjourned from day to day, or for several days, but if the jury is retained at all it is also adjourned over as part of the court. But even if the practice were right, only eleven jurors appeared when the court met on the 24th of May. A jury in a court of record must consist of twelve men. If, after a jury is sworn, one of them dies or is rendered incompetent by insanity or otherwise, no verdict can be rendered, and a new jury must be ordered. They must all be present in court when the verdict is rendered. This has always been the universal practice, and it would be dangerous to the rights of litigants to adopt any other rule. Either party has the right to poll the jury. It makes no difference whether the verdict is signed by all the jurors or only by the foreman. The parties have the right to know of each juror whether the verdict rendered is his, and this can only be done by polling the jury before they are discharged. The verdict is not perfect till it is delivered to the court by the jury in the presence of all of them. The verdict in this case ought not to have been

received from the eleven jurors. The proper course would have been to discharge the jury on account of the insanity of one of them, and let the case be tried by another jury.

The judgment must be reversed and the cause remanded. The other judges concur.