Argued December 15, 1960, reversed and remanded January 25,
petition for rehearing denied February 21, 1961

# BROOKS *v.* GLADDEN
358 P. 2d 1055

*Robert G. Danielson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Thomas B. Brand,* Salem, argued the cause and submitted a brief for respondent.

Before MCALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

O'CONNELL, J.

This proceeding was initiated in the circuit court for Marion county under the Post-Conviction Hearing Act (ORS 138.510-138.680). Plaintiff was convicted in the circuit court for Lane county for the crime of uttering a forged bank check. He was sentenced to a term of 20 years. When the verdict of guilty was returned the trial judge announced it in open court; at that time plaintiff requested that the jury be polled. The trial judge denied the request for the reason that the ten members of the jury who had voted for conviction had signed the verdict form and that, therefore, there was no reason to poll the jury. Plaintiff did not appeal from the judgment of conviction.

In the post-conviction proceeding the circuit court for Marion county set aside the conviction and sentence and remanded plaintiff to the custody of the sheriff of Lane county for a new trial.

■ ORS 17.355 (2) provides, in part:

"* * * (2) When a verdict is given, and before it is filed, the jury may be polled on the request of either party, for which purpose each shall be asked whether it is his verdict * * *."

Although the statute is cast in language indicating that the polling of the jury is discretionary with the trial judge, it is firmly established by our previous decisions that the right to have the jury polled is absolute. *Rodgers Insurance Agency v. Andersen Machinery,* 211 Or 459, 316 P2d 497 (1957); *Freeman v. Wentworth & Irwin, Inc.,* 139 Or 1, 7 P2d 796 (1932).

The state concedes that prejudicial error was committed and that a right of appeal from the judgment of conviction arose when the trial judge denied plaintiff's request to have the jury polled. The state contends, however, that the plaintiff's sole remedy for this error is by way of appeal and that post-conviction relief is not available to him.

Plaintiff's petition for post-conviction relief attacks the judgment of conviction on the ground that it is void. He charges:

"My imprisonment, incarceration and restraint was and is illegal on the ground and for the reason that there were substantial denials in the proceedings resulting in my conviction of my rights under the Constitution of the United States and the Constitution of the state of Oregon, which rendered the conviction void."

Among the "substantial denials in the proceedings" recited in the petition is the refusal of the trial judge

to poll the jury. This is the only ground we need consider in our inquiry as to the validity of the judgment. Relief is available under the Post-Conviction Hearing Act (ORS 138.510-138.680) upon the following grounds:

> "*138.530 When relief must be granted; executive clemency or pardon powers and original jurisdiction of Supreme Court in habeas corpus not affected.* (1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:
>
> "(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.
>
> "(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.
>
> "(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.
>
> "(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

Plaintiff's prayer for relief is based upon and confined to ORS 138.530 (1) (a), the petition alleging in effect that his conviction was rendered void as a result of the trial court's refusal to poll the jury.

■ The sole question on this appeal, then, is whether, under the circumstances recited, plaintiff's constitutional rights were denied. More specifically, the question is whether the right of the accused to poll the jury is so essential in assuring him a fair trial that the refusal to permit the poll is a "substantial denial"

of a fundamental right protected by the Constitutions of Oregon or of the United States. Our answer to this question will depend upon the scope of the relief contemplated by ORS 138.530 (1) (a) and the character of the right which ORS 17.355 (2) affords the accused.

The scope of subsection (1) (a), ORS 138.530 can best be described in relation to subsection (1) (b). The latter subsection states the ground for relief in habeas corpus as that extraordinary remedy was known at common law. The scope of the writ of habeas corpus was expanded, however, by Congress and the United States Supreme Court (see, *Darr v. Burford,* 339 US 200, 221, 70 S Ct 587, 94 L Ed 761 (1950), dissenting opinion; *Hawk v. Olson,* 326 US 271, 274-275, 66 S Ct 116, 90 LEd 61 (1945)), to afford relief where the trial court had jurisdiction initially but lost it by departing from due process of law, thus rendering the judgment void. *United States v. Hayman,* 342 US 205, 210-212, 72 S Ct 263, 96 L Ed 232 (1952); *Johnson v. Zerbst,* 304 US 458, 468, 58 S Ct 1019, 82 L Ed 1461, 146 ALR 357 (1938); *Frank v. Mangum,* 237 US 309, 330-331, 336, 35 S Ct 582, 59 L Ed 969 (1915), and see dissenting opinion by Justice Holmes, 237 US 345, 346, et seq. The function of the writ was similarly extended by our own cases to reach violations of the Oregon Constitution. *Huffman v. Alexander,* 197 Or 283, 313-314, 251 P2d 87, 253 P2d 289 (1953).

Subsection (1) (a) of ORS 138.530 states in substance the principle announced in these latter cases, providing a post-conviction remedy where there is a substantial denial of rights protected by either the federal or state constitutions. Petitioner, to qualify for post-conviction relief on this ground, has the burden of showing that he has been denied due process of law. *Hawk v. Olson,* supra; *Smallman v. Gladden,*

206 Or 262, 269, 291 P2d 749 (1956); *The People v. Alden,* 15 Ill2d 498, 502, 155 NE2d 617 (1959). Since subsection (1) (a) embodies as a condition to post-conviction relief what has been deemed to constitute the ground for relief under the writ of habeas corpus in its expanded form, we may interpret subsection (1) (a) in light of the extended remedy afforded under habeas corpus prior to the enactment of the Post-Conviction Hearing Act. However, it should be noted that the expansion of the writ has not converted it into a method of appealing from a judgment of conviction. *McNally v. Hill, Warden,* 293 US 131, 55 S Ct 24, 79 L Ed 238 (1934); Note, 24 Iowa L Rev 170 (1938). A review of the cases in which the writ of habeas corpus was sought discloses that relief is granted in a great variety of situations. See, for example, *Kwock Jan Fat v. White,* 253 US 454, 40 S Ct 566, 64 LEd 1010 (1920) (evidence suppressed); *Ex Parte Bain,* 121 US 1, 12-13, 7 S Ct 781, 30 L Ed 849 (1887) (indictment amended without resubmission to grand jury); *Moore v. Dempsey,* 261 US 86, 43 S Ct 265, 67 L Ed 543 (1923) (trial allegedly held under mob pressure and community coercion); *Wade v. Mayo,* 334 US 672, 68 S Ct 1270, 92 L Ed 1647 (1948) (refusal to appoint counsel for youthful defendant in noncapital case); *Waley v. Johnston,* 316 US 101, 62 S Ct 964, 86 L Ed 1302 (1942) (plea of guilty allegedly coerced); *Smith v. O'Grady,* 312 US 329, 61 S Ct 572, 85 L Ed 859 (1941) (plea of guilty allegedly obtained by trick); *Hawk v. Olson,* supra (defendant allegedly denied counsel after arraignment and before trial); *Pyle v. Kansas,* 317 US 213, 63 S Ct 177, 87 L Ed 214 (1942) (allegations of use of perjured testimony and suppression of evidence); *Commonwealth ex rel. Sheeler v. Burke,* 367 Pa 152, 79 A2d 654 (1951) (con-

viction based upon coerced confession or self-incriminating testimony).

Relief has been granted in similar cases decided under the Illinois Post-Conviction Hearing Act, Smith-Hurd Ann. St., ch 38, §§ 826-832. *McKeag v. The People,* 7 Ill2d 586, 131 NE2d 517 (1956) (plea of guilty induced by promise of prosecutor to recommend light sentence); *The People v. Morris,* 3 Ill2d 437, 121 NE2d 810 (1954) (incompetency of appointed counsel); *The People v. Wakat,* 415 Ill 610, 114 NE2d 706 (1953) (coerced confession and perjured testimony); *The People v. Evans,* 412 Ill 616, 107 NE2d 839 (1952) (confession allegedly obtained by coercion and promises); *The People v. Reeves,* 412 Ill 555, 107 NE2d 861 (1952) (incompetency of appointed counsel); *The People v. Jennings,* 411 Ill 21, 102 NE2d 824 (1952) (coerced confession and perjured testimony).

On the other hand: "The writ of *habeas corpus* is not the equivalent of an appeal or writ of error. It is not a proceeding to correct errors which may have occurred in the trial of the case below. It is an attack directly upon the validity of the judgment, and, as has been frequently said, it cannot be transformed into a writ of error." *Whitney v. Dick,* 202 US 132, 136, 26 S Ct 584, 50 L Ed 963 (1906). *Smallman v. Gladden,* supra. Thus the writ is not available where the defendant has received a sentence of both fine and imprisonment, although the two punishments are alternative rather than cumulative, *Ex Parte Mooney,* 26 W Va 36, 53 Am Rep 59 (1885); where incompetent evidence has been admitted in a fair hearing, *Tisi v. Tod,* 264 US 131, 44 S Ct 260, 68 L Ed 590 (1924); where impaneling of the grand jury is ordered by a judge outside of the judicial district, *Harlan v. McGourin,* 218 US 442, 451, 31 S Ct 44, 54 L Ed 1101

(1910) ; where the indictment charges the general character of the crime although without "technical precision," *Dimmick v. Tompkins,* 194 US 540, 24 S Ct 780, 48 L Ed 1110 (1904) ; where the crime charged is objectionably indefinite, *Glasgow v. Moyer,* 225 US 420, 428-429, 32 S Ct 753, 56 LEd 1147 (1912) ; where members of the grand jury are not citizens as required by state law, *Kaizo v. Henry,* 211 US 146, 148, 29 S Ct 41, 53 L Ed 125 (1908) ; where the issue of whether a confession had been made during a post-epileptic trance has been fully litigated at the trial, *Commonwealth ex rel. Geiger v. Burke,* 371 Pa 230, 89 A2d 495, Cert. Den., 344 US 859, 73 S Ct 98, 97 L Ed 666 (1952) ; where the issues of use of perjured testimony and suppression of evidence were fully litigated, *Commonwealth ex rel. Bishop v. Maroney,* 382 Pa 324, 114 A2d 906, Cert. Den., 350 US 917, 76 S Ct 203, 100 L Ed 803 (1955) ; where it is alleged that insufficient evidence was presented to the grand jury to support the indictment, *Commonwealth ex rel. Jackson v. Day,* 179 Pa Super 566, 118 A2d 289 (1955) ; where it is alleged that the evidence at the trial is insufficient to support the conviction, ibid; where jury instructions have not been transcribed as required by statute in a misdemeanor case, *Oswald v. Martin,* 70 Ariz 392, 222 P2d 632 (1950) ; where defendant's request for a jury trial has been denied in a case in which jury trial could be waived, *Ex Parte Ohl,* 59 Nev 309, 92 P2d 976, rehearing denied 59 Nev 309, 95 P2d 994 (1939) ; where evidence is uncertain, questionable or conflicting, *Ex Parte Lindley,* 29 Cal2d 709, 177 P2d 918 (1947) ; where defendant was improperly arrested but was brought before the court upon warrants issued upon complaints properly made, *Ex Parte Olsen,* 74 Idaho 400, 263 P2d 388 (1953) ; where the indictment, because of clerical

error, charges defendant with having committed a crime six months after the time of trial, *James v. Amrine,* 157 Kan 397, 140 P2d 362 (1943); where there is an error of form in the sentence imposed, *Shaw v. Utecht,* 232 Minn 82, 43 NW2d 781 (1950), Cert. Den., 340 US 855, 71 S Ct 73, 95 L Ed 627 (1950); where the indictment is defective in charging habitual criminality, *Harrod v. Whaley,* 239 SW2d 480 (Ky 1951); where the trial court erroneously denies a tendered defense, *Sunal v. Large,* 332 US 174, 67 S Ct 1588, 91 L Ed 1982 (1947). See also, note, 20 U Pitt L Rev 652, 664 (1959).

Whether the denial of a defendant's request to poll the jury in a criminal case is, on the one hand, a "substantial denial" of a constitutional right falling below the standard of due process as illustrated by the first group of cases above, or, on the other hand, a mere irregularity in the procedure, as illustrated in the cases last cited, has not been passed upon in any reported case brought to our attention.

■ The concept of due process cannot be expressed in precise terms. Broadly speaking, it denotes our sense of what constitutes fair play in the legal procedures under which a man is tried. *Galvan v. Press,* 347 US 522, 74 S Ct 737, 98 L Ed 911 (1954). Expressed in terms of the relief provided by the writ of habeas corpus it is said that the scope of the writ "is largely a reflection of our contemporary attitudes towards an ideal of fairness in the administration of justice." Note, 61 Harv L Rev 657 (1948). What minimum safeguards these procedures must provide, as well as the scope of the judiciary's function in determining whether the minimum has been met, are questions upon which there is considerable disagreement. See, for example, *Hannah v. Larche,* 363 US 420, 80 S Ct 1502,

4 L Ed2d 1307 (1960). As Mr. Justice Frankfurter points out in his concurring opinion in the Hannah case, whether the standard of due process is satisfied in a particular case "must be judged in the light of reason drawn from the considerations of fairness that reflect our traditions of legal and political thought * * *." 4 L Ed2d at 1352. His opinion makes the further observation that whether the procedure questioned "offends 'the rudiments of fair play,' *Chicago, M. & St. P. R. Co. v. Polt,* 232 US 165, 168, 58 L ed 554, 555, 34 S Ct 301, is not to be tested by loose generalities or sentiments abstractly appealing. The precise nature of the interest alleged to be adversely affected or of the freedom of action claimed to be curtailed, the manner in which this is to be done and the reasons for doing it, the balance of individual hurt and the justifying public good—these and such like are the considerations, avowed or implicit, that determine the judicial judgment when appeal is made to 'due process.'" 4 L Ed2d at 1353. See also, *Eagles v. Samuels,* 329 US 304, 67 S Ct 313, 91 L Ed 308 (1946) ; *Adams v. United States ex rel. McCann,* 317 US 269, 63 S Ct 236, 87 L Ed 268, 143 ALR 435 (1942). Although this court's *application* of the standard of due process in a particular case may be at variance with that of the Supreme Court of the United States, the *standard itself* is the same. *State v. Delaney,* 221 Or 620, 332 P2d 71 (1958) ; *State v. Tucker,* 36 Or 291, 61 P 894 (1900).

We come, then, to the question of whether the procedure adopted by the trial judge was unfair as judged by that standard. Since the standard is expressed in terms of our legal traditions of fairness, an inquiry into the early law relating to the right to poll the jury is appropriate. Neither the origin nor the purpose of the procedure for polling the jury is clear. The source

to which most of the cases rely in tracing the history of the procedure is 2 Hale, Pleas of the Crown, 299 (1778), where the following statement is made:

> "Now touching the giving up of their verdict, if the jury say they are agreed, the court may examine them by poll, and if in truth they are not agreed, they are fineable."

The ambiguous "may" in the statement of the principle has spawned three conflicting lines of authority. Annotation, Accused's Right to Poll of Jury, 49 ALR2d 619 (1956). In some states it is held that the defendant has no right to poll the jury. *State v. Tucker,* 146 Conn 410, 151 A2d 876 (1959); *Fellow's Case,* 5 Me 333 (1828); *Commonwealth v. Goldenberg,* 338 Mass 377, 155 NE2d 187, 70 ALR2d 814 (1959), Cert. Den., 359 US 1001, 79 S Ct 1143, 3 L Ed2d 1032. See, Comment, Defendant's Right to Poll the Jury in Criminal Cases, 6 De Paul L Rev 92, 93 (1956). At the other extreme is the view of the great majority of cases which hold that defendant has an absolute right to such a poll. *Rodgers Insurance v. Andersen Machinery,* 211 Or 459, 316 P2d 497 (1957); *Freeman v. Wentworth & Irwin, Inc.,* 139 Or 1, 7 P2d 796 (1932); *Wilson v. The State,* 93 Ga App 375, 91 SE2d 854 (1956); *Carver v. Commonwealth,* 256 SW2d 375, 49 ALR2d 616 (Ky 1953); *State v. Dow,* 246 N C 644, 99 SE2d 860 (1957); *State v. Butler,* 27 N J 560, 143 A2d 530 (1958); *Reed v. Kinnik,* 389 Pa 143, 132 A2d 208, 71 ALR2d 635 (1957). See cases collected in 49 ALR2d at 621. A middle ground is taken by some courts, holding that it is within the discretion of the trial court to determine whether a poll is necessary to protect the interest of the defendant. *Ryan v. People,* 50 Colo 99, 114 P 306, Ann Cas 1912B 1232 (1911); *State v. Grierson,* 96 N H 36, 69 A2d 851 (1949); *State v. Sousa,* 43 R I 176,

110 A 603 (1920); *State v. Simon,* 126 S C 437, 120 SE 230 (1923). The latter rule has been adopted in England and Canada. *Watts v. Brains,* 78 Eng Rep 1009; *Rex v. Wooller,* 171 Eng Rep 589; *Rex v. Thomas,* 2 K B 489 (1933); *Ellis v. Deheer,* 2 K B 113 (1922); *Sproule v. Regina,* 1 B C 219 (1886). In some of the jurisdictions in which polling is not considered to be a matter of right, the inquiry which is directed to the jury as a whole is in such form that it might be regarded as an invitation to individual members of the jury who disagree with the verdict as reported by the foreman to announce their dissent or otherwise explain their vote. Thus in some states, after the inquiry, "Is this your verdict?" the jury is further asked, "So say you all?" or a similar question. Some courts consider that this practice "is in effect but obtaining in a more convenient way the opinion of each individual juror." *State v. Hoyt,* 47 Conn 518, 533 (1880). If tradition is to guide us in deciding whether a fundamental right has been violated, we are left with a vague and clouded page of legal history. Moreover, the interpretation which has been placed upon the scant record of history left for our guidance does not weigh heavily in favor of the view that a basic procedural right is involved. The fact that a respectable body of authority supports the view that a denial of a poll of the jury is not even reversible error is strong evidence that the procedure of polling is not an essential element of the constitutional requirement of fairness of trial.

As we have pointed out above, this court is committed to the rule which assures the accused the right to poll the jury if he so requests. We do not now propose to re-examine that rule. Since an inquiry addressed individually to each of the members of the jury may, in some instances, disclose an error in re-

porting the verdict or reveal the use of some illegal procedure during the course of arriving at the verdict, we think that polling is a worthwhile practice. Although it may represent an overzealousness for the protection of the accused, the slight cost in the inconvenience to the trial court is worth the added measure of protection accorded the accused. But it is one thing to say that the defendant should have such a right and quite another thing to say that a denial of that right violates due process of law. It does not follow that because a denial of the right to poll the jury may constitute reversible error that the denial must also be regarded as amounting to a deprivation of a fair trial.

It must be remembered that defendant may obtain relief upon appeal if he is denied the right to a poll of the jury. He is not, therefore, without a means of redress if his right is violated. The Supreme Court of the United States informs us, *"habeas corpus* is increasingly denied in case an appellate procedure was available for correction of the error." *Sunal v. Large,* 332 US 174, 179, 67 S Ct 1588, 91 L Ed 1982 (1947). Further, the rule requiring resort to appellate procedure for correction of errors will be relaxed only in cases involving "exceptional circumstances." Ibid., 332 US at 180; *Bowen v. Johnston,* 306 US 19, 27, 59 S Ct 442, 83 L Ed 455 (1939). If, as the Sunal case holds, an erroneous denial of a proper defense is not such an "exceptional circumstance," we certainly cannot say that a denial of the right to poll the jury is otherwise. We recognize that relief through the avenue of appeal is oftentimes open where constitutional rights are violated in the course of the trial; but where a denial of procedural due process is urged, the fact that a remedy by way of appeal is provided is a factor to be

weighed in determining whether minimal procedural safeguards are present.

Ultimately the question is, as we have already suggested, one for our judicial sense of fairness, guided by our knowledge of the traditions which have shaped procedural rights and by our understanding of the mechanics of trial procedures, including the functioning of the jury in our present day practice. Viewing the denial of the trial judge to permit a poll of the jury against this background, we are of the opinion that defendant was not denied due process of law under our Constitution or under the Constitution of the United States.

■ Defendant argues that ORS 138.520, which specifies the relief which may be granted under the Post-Conviction Hearing Act, is worded broadly enough to permit a delayed appeal in this case from the judgment of conviction. That section, after specifying certain methods of relief, provides that the court may grant "such other relief as may be proper and just." ORS 138.520 does not expand ORS 138.530 to permit relief where the grounds specified in the latter section do not exist or are not relied upon by the petitioner. In the case at bar the petition attacks the judgment of conviction on the ground that it is void. The facts relied upon by petitioner do not render the judgment void and, therefore, no ground for relief under ORS 138.530 is established.

The judgment of the lower court is reversed and the cause is remanded with directions to dismiss the petition.