Argued September 6, affirmed October 25, 1961

## SPENCER *v.* GLADDEN

365 P. 2d 621

*Rodney W. Miller,* Salem, argued the cause and submitted a brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him

on the brief was Robert Y. Thornton, Attorney General.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

Plaintiff appeals from an order of the circuit court for Marion county sustaining defendant's demurrer to plaintiff's petition for relief under the Post-Conviction Hearing Act, ORS 138.510 to 138.680 and denying plaintiff's motion for an order directing the county clerk of Deschutes county to supply plaintiff, at county expense, with a transcript of certain portions of the proceedings under which he was convicted. Plaintiff contends that the petition alleges sufficient facts to bring his case within ORS 138.530 (1) (a) which specifies as one of the grounds for relief under the Post-Conviction Hearing Act "A substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." The allegations of the petition relied upon by plaintiff are as follows:

"That at the time of trial, the District Attorney for Deschutes County, during cross-examination of petitioner, inquired of petitioner as to whether or not he had any prior convictions; the petitioner entered a denial and the District Attorney then inquired if petitioner had prior convictions in specific jurisdictions; petitioner again entered a denial; that immediately subsequent to such questions, the District Attorney made a statement in the presence of the Court and Jury that he had a letter from 'Ohio Officials' attesting to prior con-

victions and the existence of criminal records of petitioner in the States of Ohio and Kentucky; the District Attorney of Deschutes County then again made inquiry as to prior convictions in the above mentioned jurisdictions and also the State of Wyoming; that the statements and the tactics of the District Attorney were timely and properly objected to by the defense but were not precluded from consideration by the jury and were not allowed as a basis for mistrial. That the said statements and line of inquiry were highly prejudicial and made without proper foundation and based upon rank hearsay and therefore were neither relevant nor the product of competent testimony or documentary evidence. That the District Attorney's attempt to impeach the petitioner by proof of prior convictions and his unprovoked statements were improper, and as a direct result petitioner was denied a fair trial."

After defendant demurred to the petition plaintiff sought by motion to obtain a transcript as indicated above. The demurrer was sustained and the motion was denied.

The principle which must guide us in determining whether there has been a "substantial denial" of the accused's constitutional rights is stated in *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055 (1961). Tested by that principle we hold that petitioner in this case has not been deprived of any constitutional right. In addition to the cases cited in *Brooks v. Gladden,* supra, see *In re Stone,* 295 Mich 207, 294 NW 156 (1940).

The judgment of the lower court is affirmed.