Argued April 17, reversed and remanded July 29, reconsideration denied September 4, petition for review denied October 1, 1974

## STATE OF OREGON, *Respondent, v.* RICHARD CHRISTOPHER LEWIS (No. C-73-05-1555 Cr), *Appellant.*

524 P2d 1231

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

SCHWAB, C. J.

Defendant was indicted for the crime of burglary in the first degree, ORS 164.225, and rape in the first degree, ORS 163.375. The jury returned a verdict of not guilty to the charge of rape and a verdict of guilty to the charge of burglary. Defendant appeals. The only assignment of error we need reach is the use of an anonymous jury poll, that is, a form of polling by which the individual vote of each juror was not disclosed. We hold this was improper and necessitates a new trial.

During the course of its deliberations, the jury sent out two notes dealing with the subject of a jury poll. The first note asked, "Will the jury be polled? Must jurors answer?" The court returned the note with the statement, "Secret ballot in writing without name disclosure." The second note stated, "We meant, will we be polled in the courtroom after we return a verdict (and give each person's vote)." The court responded in open court:

> "The answer is yes, you have to be polled in the courtroom. I will poll you in the courtroom but you won't have to disclose each particular vote. I will determine whatever your verdict is, but nobody will have to disclose how they voted personally. I'll do it by secret ballot, so nobody is going to have to disclose their vote in open court."

The defendant moved for a mistrial, which motion was denied.

■ The jury later returned a 10-2 guilty verdict on the burglary charge, and the defendant asked that the jury be polled. The court then polled the jury anonymously. Each juror was given a piece of paper and was asked to write "Yes" or "No" in response to the question whether his own verdict was guilty. The ballots were collected and the 10-2 vote confirmed. The defendant made a motion for a new trial, but, again, the motion was denied.

Jury polls in Oregon are provided by ORS 17.355 (2):

> "When a verdict is given, and before it is filed, the jury may be polled on the request of either party, for which purpose each shall be asked whether it is his verdict; if a less number of jurors answer in the affirmative than the number required to render a verdict, the jury shall be sent out for further deliberation. If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court or the jury may be again sent out."

The right to have the jury polled is absolute. *Brooks v. Gladden,* 226 Or 191, 193, 358 P2d 1055, *cert denied* 366 US 974 (1961). Neither the statute nor Oregon case law states explicitly how the jury poll is to be taken although certain terms in the statute, e.g., "asked" and "answer," suggest that it is to be taken orally. In the absence of a direct statement of the method of polling, we must look to the purpose of the jury poll to determine whether an anonymous poll is proper.

■ ORS 17.355 (2), cited above, indicates that one purpose of the poll is to assure that there was a sufficient number of jurors voting for the verdict to enter

a judgment. *Brooks v. Gladden,* supra, while noting that the purpose of the jury poll is unclear, also indicates that one purpose is to make sure that the jury is agreed in the verdict. This purpose is an evidentiary one. The poll provides evidence that the jury, in fact, voted as reported. *See, Humphries v. District of Columbia,* 174 US 190, 194, 19 S Ct 637, 43 L Ed 944, 12 ADC 122 (1899); *Ruffin vs. State,* 50 Del 83, 123 A2d 461 (1956). If the sole purpose of the poll is evidentiary, then the anonymous poll would suffice for it confirms the vote taken in the jury room.

However, we believe that there is an additional purpose, namely, the assumption of individual responsibility by each juror:

> "The polling of the jury is a procedure whereby the jurors are asked individually the finding they have arrived at, as denoted by the question posed by the clerk: '* * * [H]ow do you find?' The practice of long standing requires each juror to answer for himself, thus creating individual responsibility, eliminating any uncertainty as to the verdict as announced by the foreman." *State v. Cleveland,* 6 NJ 316, 322, 78 A2d 560, 563, 23 ALR2d 907 (1951).

*See, Heinze v. State,* 184 Md 613, 42 A2d 128, 132 (1945); *State v. Boger,* 202 NC 702, 163 SE 877, 878 (1932); 21 Am Jur2d 395, Criminal Law § 371; Comments, 6 DePaul L Rev 92 (1956). This second purpose is not met by the use of an anonymous poll. If each juror must assume individual responsibility for the verdict, the marking of an anonymous ballot enables him to avoid that responsibility. In effect, it enables the jury to maintain the same secrecy that existed during the deliberations in the jury room.

■ We have been unable to find a single case wherein

the use of an anonymous jury poll was approved or even discussed. In fact, many courts explicitly require that each juror must be asked individually in open court whether or not he voted for a particular verdict. *See,* for example, *United States v. Edwards,* 469 F2d 1362 (5th Cir 1972); *Bruce v. Chestnut Farms-Chevy Chase Dairy,* 126 F2d 224, 225 (DC Ct App 1942). Others permit the nod of a juror's head to signify assent. *See, Posey v. United States,* 416 F2d 545 (5th Cir), *cert denied* 397 US 1031 (1969); *Felton v. State,* 47 Ala App 182, 252 So2d 108 (1971); *The State v. Mosca,* 90 Conn 381, 97 A 340 (1916). And some courts permit the jury to be asked in a group if it has found the defendant to be guilty and a collective response suffices. *See, People v. Stubenvoll,* 62 Mich 329, 28 NW 883 (1886); *State v. Lewis,* 482 SW2d 432 (Mo 1972); *Posey v. United States,* supra. But in each instance the juror is required to give some physical manifestation of his assent before the defendant in open court. The anonymous poll does not provide this individual physical manifestation. As stated in *Campbell & Jones vs. Murray et al,* 62 Ga 86, 87, 97 (1878):

"* * * When one or more of the jurors cannot face the parties and the public with the finding, there should be further deliberation."

The practice of anonymous jury polling, while permitting the court to ascertain that the requisite number of votes for conviction has been obtained, also permits each juror to effectively avoid his individual responsibility to the defendant and the public.

We recognize the possibility that the jurors' desire for anonymity might have been fostered by fear of reprisal, although the record does not disclose any

basis for this. If the institutions we profess to cherish are to continue we cannot cast them aside on every occasion on which it appears expedient to do so.

Reversed and remanded for a new trial.