Argued July 19, affirmed August 16, reconsideration denied
September 15, petition for review denied October 12, 1976

STATE OF OREGON, *Respondent,*

*v.*

PASCUAL REYES PRADO, *Appellant.*

(No. 6144, CA 6059)

552 P2d 1317

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Karen H. Green,* Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

**LANGTRY, J.**

■ Defendant was convicted on jury trial of burglary and forcible rape, both relating to the same episode. The court correctly sentenced on the rape charge only. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). In this appeal defendant challenges (1) the court's instruction on resistance, and (2) the method by which the jury was polled.

■ (1) The evidence fairly raised the jury question of whether the victim consented to or physically resisted the defendant's assault upon her, and the court gave the uniform instruction on the quantum of resistance by a victim that is necessary for conviction.[1] This instruction was sufficient, and the much longer and more detailed instruction requested by defendant was properly refused.

■ (2) At defendant's counsel's request, when the jury returned its verdict, the court ascertained that the verdict was not unanimous. Counsel then asked for an oral poll of the jury which the court refused, because the statute in that regard had been changed by the 1975 legislature, saying, inter alia, "* * * I can have the jury polled and I can tell you what the numbers were but that's all * * *." Defendant's counsel said, "All right." Under this state of the record, the exception taken to the ruling on this appeal, alleging unconstitutionality of the change in the 1975 statute, was not preserved, and we will not consider it.[2]

Affirmed.

---

[1] " 'Forcible compulsion' means physical force that overcomes earnest resistance by the female; or a threat, express or implied, that places the female in fear of immediate death or serious physical injury to herself or another person, or in fear that she or another person will immediately be kidnapped. (ORS 163.305(3))

" 'Earnest resistance' means that the female did not consent to the sexual intercourse either expressly or impliedly, and resisted in reasonable proportion to her strength and her abilities under the circumstances." Oregon State Bar, Uniform Jury Instruction No. 413.01.

[2] In *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055, *cert denied* 366 US

974 (1961), and *State v. Lewis,* 18 Or App 206, 524 P2d 1231, Sup Ct *review denied* (1974), both decided before the legislature changed the jury polling statute (ORS 17.355(3)), it was held that the statutory right to poll the jury in a criminal case is absolute, but in neither case did the decision rest upon constitutional grounds. The new subsection (3) of ORS 17.355 provides:

"The jury in a criminal action may, in the discretion of the court, be polled in writing. If the jury is polled in writing the written results shall be sealed and placed in the court record."

No contention was made below or here that the court's remarks did not reflect the discretionary nature of the court's decision—whether a poll may be oral in open court, or written. And, of course, for the reason given in text we do not in this opinion decide upon the alleged question the defendant now raises—whether written polling of the jury violates the constitutional precept of public trial. If the *right* to polling of the jury is purely statutory, as indicated in *Brooks v. Gladden* and *State v. Lewis,* both *supra,* it is difficult to see why the statutory method for accomplishing the polling, applying equally to all defendants, rises to constitutional heights.