Argued July 19, affirmed August 16, 1976

STATE OF OREGON, *Respondent,*

*v.*

RICHARD DEAN YARBROUGH, *Appellant.*

(No. 75-3490, CA 5921)

552 P2d 1318

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Defendant appeals his conviction and sentence for criminal activity in drugs. ORS 167.207. He assigns as error: (1) denial of his motion to suppress evidence produced by a search of his person, (2) use of his testimony in answer to questions from the court in the suppression hearing as rebuttal to his testimony during the trial, and (3) refusal of the court to orally poll the jury in open court, as distinguished from the written poll which was conducted.

(1) At time of defendant's arrest officers arrived at defendant's home with a warrant to search it for "balloons of heroin." Defendant was present and the officers knew that he was known to carry a gun, so one of them did a thorough pat-down search of him. In one pant pocket the officer felt "a lump, or several lumps" "and they were inside what felt to be plastic * * * and they felt what I thought were balloons." "[I]t just felt like balloons that were rolled up as normally is found in the sale of heroin, and that's how it's normally packaged * * *."

The officer was where he had a right to be by virtue of the warrant, was initially engaged in his own protective measures based on reliable knowledge, and came across what he reasonably felt to be what he had a duty to search for. The search and seizure were valid.

(2) Preliminary to trial defendant moved to suppress the evidence seized, and during the hearing, with the suppression motion judge interposing the questions (a different judge than the one who conducted the trial), defendant testified:

" '* * * * * *

" 'Question: How did these things get into your pocket? Did you put this stuff in your pocket?

" 'Answer: Yes, the heroin, yes.

" 'Question: You knew it was in your pocket, didn't you?

" 'Answer: Yes.

[ 477 ]

" 'Question: You knew it was wrong to have it?

" 'Answer: Yes.' "

At the trial defendant took the stand and gave exculpatory testimony which was inconsistent with the previous testimony. On cross-examination the prosecutor was allowed to confront him with his previous testimony. Objection was made by counsel both before trial, in limine to the trial judge, and at the time it was received about such use. The only ground given for the objection was that allowing "any" use of suppression hearing testimony for impeachment purposes would have a "chilling" effect on defendants' motions to suppress in criminal cases. That reason apparently has been abandoned on appeal, for defendant now asserts the suppression motion judge's questions were irrelevant to that hearing, "improperly solicited" and "prejudicial."

ORS 135.037(4) provides:

"* * * Except in * * * impeachment of the defendant, no admissions made by defendant * * * at the [suppression] hearing shall be used against the defendant unless * * * reduced to writing and signed * * *."

■ We know of no pronouncements of any court that this statute thus quoted does not state valid law. The defendant's answers were relevant with reference to knowledge, an element of the crime charged. If the suppression motion judge improperly entered into the questioning (to which question we do not address ourselves), the trial judge was not apprised of that as a ground for objection. We review only for error properly called to the trial judge's attention. *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956).

(3) At the time the verdict was received the court stated that "there has been a request that the jury be polled" and proceeded to a written polling in conformance with ORS 17.355(3) as it was amended by Oregon Laws 1975, ch 279. No objection was made thereto, but on this appeal defendant complains that the procedure thus followed deprived him of a public trial. Lacking

objection, as previously noted, we will not notice the claimed error. *See also State v. Prado,* 26 Or App 481, 552 P2d 1317 (1976).

Affirmed.