SHIVERS, Judge.
Appellant appeals his judgment of conviction and sentence for trespass. We re *376 verse appellant’s conviction and remand this cause for a new trial on the basis that the trial court improperly refused to poll the jury upon appellant’s request.
Appellant, defendant in the proceedings before the trial court, was charged on October 27, 1983, with attempted burglary. Appellant pled not guilty to this charge and trial was had by jury on February 2, 1984. On the envelope for enclosing the jury’s verdict, the trial judge instructed the foreman of the jury as follows:
When the jury has arrived at a verdict please have each juror sign the verdict at the bottom and then you date the verdict and sign on the line provided on the form. Then insert the verdict in this envelope, seal the envelope and sign the envelope over the flap. Give the envelope to the baliff [sic]. The baliff [sic] will then give it to the Clerk. You and the balance of the jury may then be excused.
Thank you for serving.
The jury retired to deliberate its verdict at 12:06 P.M., February 2, 1984. At 1:43 P.M., the court reconvened. The clerk reported that she had received a sealed verdict from the bailiff at 1:04 P.M. and the bailiff reported that he had received the sealed verdict from the foreman of the jury, also at 1:04 P.M. The transcript of the proceedings shows that at this time appellant’s counsel objected to the form of the delivery of the verdict, stating that this procedure deprived appellant of his right to have the jury polled in his presence and in the presence of the court. The trial court noted that this objection was timely made prior to the submission of the envelope to the jury, that the objection was overruled at that time, and that the objection was raised again at this point for the purpose of perfecting the record. The jury’s written verdict indicates a verdict of guilty of trespass by appellant.
Appellant contends that the trial judge committed reversible error by allowing the jury to enter judgment on a sealed verdict and then depart from the courthouse, thereby denying appellant his right to poll the jury. We agree.[1] As set forth in RCrP 3.450, “[u]pon the motion of either the State or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict.” (emphasis added). This language is mandatory and the trial judge should have strictly adhered to the procedure embodied in this rule upon appellant’s timely request. We find appellant’s request to have been timely sub judice and this point preserved for appellate review, the latter contrary to appellee’s assertion. See generally Birge v. State, 92 So.2d 819 (Fla.1957).
Moreover, we do not find the failure to afford appellant this right to be harmless error. As stated in Commonwealth v. Martin, 379 Pa. 587, 109 A.2d 325 (1954):
The action of the court in such regard [in denying the defendant’s request that the jury be polled] worked a denial of a right of the accused so fundamental as to require a retrial even though ... the jury’s verdict was fully warranted by the evidence. Yet, it is better that the case be tried again than that a precedent impairing a defendant’s right to a poll of the jury be engrafted on our criminal procedure.
Id. at 327. See also Maloney v. State, 304 A.2d 260 (Md.Ct.Spec.App.1973). We find that precedent also should not be established in this state impairing a defendant’s right to a poll of the jury upon his or her timely request.
Accordingly, appellant’s conviction and sentence for trespass is REVERSED and this cause is REMANDED for a new trial in accord with this opinion.
WENTWORTH and NIMMONS, JJ., concur.

. The procedure utilized sub judice with respect to the jury’s verdict bears some resemblance to RCrP 3.470. However, the procedure is contrary to RCrP 3.470 in that pursuant to Rule 3.470 the jurors must reassemble in open court upon the next convening of the court, at which time the sealed envelope with the jury’s verdict "shall be opened by the court or clerk and the same proceedings shall be had as in the receiving of other verdicts.” (emphasis added).