[No. 8126-5-III. Division Three. December 8, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD WALTER POCKERT, JR., *Appellant*.

*Carl Hueber* and *Winston & Cashatt,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Charles Schumacher, Deputy,* for respondent.

MUNSON, J.—Richard W. Pockert, Jr., appeals his conviction for first degree robbery contending the trial court erred in failing to poll the jury and in failing to grant him a new trial. We reverse the conviction and remand for a new trial.

On July 23, 1986, a jury found Mr. Pockert guilty of first degree robbery. It appears that after the jury returned to the courtroom, the bailiff took the verdict to the judge who read it and gave it to the clerk to announce the verdict. Thereafter, the judge asked the jury foreman if the verdict was unanimous. The foreman answered that it was. Defense counsel asked the jury be polled. The judge refused because he believed there was no right to poll the jury in a criminal case. The judge received the verdict, left it with the clerk to record, and discharged the jury.

On July 31, Mr. Pockert moved for a new trial based upon the judge's failure to poll the jury. The judge acknowledged his error, occasioned by his reading of RCW 4.44.390, *i.e.,* jury may be polled, rather than CrR 6.16(a)(3), *i.e.,* jury shall be polled. However, finding there was not a "reasonable probability that there was prejudice to the defendant," he denied the motion. Mr. Pockert appeals.

The sole issue is whether a defendant is entitled to a new trial when the court fails to poll the jury upon the defendant's request. This is an issue of first impression in this state.[1] Mr. Pockert maintains that because the failure to poll the jury at the defendant's request is the only safeguard to insure unanimity in the jury's verdict, he should receive a new trial. The State contends the error was harmless because there was no showing of any impropriety in the verdict, no showing the outcome of the case was materially affected, and no showing Mr. Pockert was prejudiced. The State further asserts the evidence of guilt was overwhelming.

CrR 6.16(a)(3) provides:

> When a verdict or special finding is returned and before it is recorded, the jury shall be polled at the request of any party or upon the court's own motion. If at the conclusion of the poll, all of the jurors do not concur, the jury may be directed to retire for further deliberations or may be discharged by the court.

The purpose of polling the jury is to determine if the verdict signed by the foreman is that of the individual jurors and not one that has been coerced or caused by mistake. *State v. Agtuca,* 12 Wn. App. 402, 406, 529 P.2d 1159 (1974), *review denied,* 85 Wn.2d 1017 (1975); *see also State v. Taylor,* 109 Wn.2d 438, 745 P.2d 510 (1987). A verdict is not final until rendered in open court and received by the judge. *State v. Robinson,* 84 Wn.2d 42, 46, 523 P.2d 1192 (1974) and cases cited therein; *see also Beglinger v. Shield,*

---

[1]The cases cited by the State are readily distinguishable.

164 Wash. 147, 152–54, 2 P.2d 681 (1931); *Matthews v. Spokane,* 50 Wash. 107, 110, 96 P. 827 (1908); *State v. Duhaime,* 29 Wn. App. 842, 857–58, 631 P.2d 964 (1981), *review denied,* 97 Wn.2d 1009 (1982); *Newcomer v. Weyerhaeuser Co.,* 26 Wn. App. 958, 963, 614 P.2d 705 (1980).

Many cases from other jurisdictions have addressed a party's right to have the jury polled. In most of the cases, the courts have held that a party has a right to poll the jury upon a timely request and a denial of that right requires a new trial.[2]

CrR 6.16(a)(3) states a defendant in a criminal case has the right to have the jury polled at his request. In none of the cases cited by the State in which the court held a failure to poll the jury is not reversible error did the defendant have a right to poll the jury.

▋ The State's reliance on *Brooks v. Gladden,* 226 Or. 191, 358 P.2d 1055, *cert. denied,* 366 U.S. 974 (1961) is misplaced. In *Brooks,* 358 P.2d at 1057, the Oregon Supreme Court stated the defendant had an absolute right

---

[2]*See, e.g., Wingfield v. State,* 95 Ark. 71, 128 S.W. 562, 562 (1910); *Sowell v. State,* 458 So. 2d 375, 376 (Fla. Dist. Ct. App. 1984); *Coleman v. State,* 256 Ga. 306, 348 S.E.2d 632, 633 (1986); *State v. Rodriguez,* 93 Idaho 286, 460 P.2d 711, 717 (1969); *People v. DeStefano,* 64 Ill. App. 2d 389, 212 N.E.2d 357, 368 (1965), *cert. denied,* 385 U.S. 821 (1966); *Powell v. Commonwealth,* 346 S.W.2d 731, 733 (Ky. 1961); *Maloney v. State,* 17 Md. App. 609, 304 A.2d 260, 267–68 (1973); *State v. Dow,* 246 N.C. 644, 99 S.E.2d 860, 862 (1957); *Dayton v. Allen,* 27 Ohio Op. 2d 179, 200 N.E.2d 356, 360 (C.P. 1959); *Brooks v. Gladden,* 226 Or. 191, 358 P.2d 1055, 1061, *cert. denied,* 366 U.S. 974 (1961); *Commonwealth v. Martin,* 379 Pa. 587, 109 A.2d 325, 327–28 (1954); *State v. Linder,* 276 S.C. 304, 278 S.E.2d 335, 338 (1981); *State v. Wojtalewicz,* 127 Wis. 2d 344, 379 N.W.2d 338, 339 (Ct. App. 1985). *See also* Annot., 49 A.L.R.2d 619 (1956).

In the following two cases, the court stated the right to poll the jury is an absolute right, but did not say whether the failure to do so requires a new trial. *People v. Flynn,* 217 Cal. App. 2d 289, 31 Cal. Rptr. 651, 654 (1963); *State v. Panker,* 216 Kan. 347, 532 P.2d 1073, 1075 (1975). The use of the term "absolute right" strongly suggests these courts would automatically reverse if the jury were not polled upon proper request.

Several courts have held, however, that the decision to poll the jury is within the discretion of the trial judge. *See, e.g., State v. Avcollie,* 188 Conn. 626, 453 A.2d 418, 426 (1982), *cert. denied,* 461 U.S. 928 (1983); *Commonwealth v. Jones,* 373 Mass. 423, 367 N.E.2d 631, 634 (1977); *State v. Danskin,* 122 N.H. 817, 451 A.2d 396, 397–98 (1982); *Trombley v. Langlois,* 91 R.I. 328, 163 A.2d 25, 29 (1960).

to poll the jury. However, as the court carefully pointed out, the defendant was seeking postconviction relief rather than an appeal and, thus, had the burden of showing his constitutional rights were denied. *Brooks,* 358 P.2d at 1057. The court concluded that while the defendant could have obtained relief upon appeal, he could not do so by way of postconviction relief. *Brooks,* 358 P.2d at 1061.

The right to have each juror individually state his or her verdict in his presence is essential to a criminal defendant's constitutional right to a unanimous verdict. *See State v. Badda,* 63 Wn.2d 176, 182–83, 385 P.2d 859 (1963); *State v. Mickens,* 61 Wn.2d 83, 87, 377 P.2d 240 (1962). As the Pennsylvania Supreme Court in *Commonwealth v. Martin,* 379 Pa. 587, 592, 109 A.2d 325, 327 (1954) eloquently stated, the failure to poll the jury

> worked a denial of a right of the accused so fundamental as to require a retrial even though . . . the trial was otherwise markedly free from error and the jury's verdict was fully warranted by the evidence. Yet, it is better that the case be tried again than that a precedent impairing a defendant's right to a poll of the jury be engrafted on our criminal procedure.

We reverse the conviction and remand for a new trial.

McINTURFF, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court April 5, 1988.