ST. LOUIS COUNTY,
Plaintiff/Respondent,

v.

Thomas PENNINGTON, et al.,
Defendants/Appellants.

No. 60358.

Missouri Court of Appeals,
Eastern District,
Division One.

May 5, 1992.

Donald W. Paule, James L. Durham, Leigh Joy Carson, St. Louis, for defendants/appellants.

John A. Ross, County Counselor, Patricia Redington, Asst. County Counselor, Clayton, for plaintiff/respondent.

GARY M. GAERTNER, Judge.

Appellants, Ivan and Michael Mullenix, d/b/a The Pavilion Partners, Ltd. and Ivan Mullenix, individually, appeal a jury verdict rendered in the Circuit Court of St. Louis County awarding appellants $50,000.00 in this condemnation action. We affirm.

On January 27, 1989, respondent, St. Louis County, filed a condemnation petition in the Circuit Court of St. Louis County seeking to permanently acquire ten parcels of land for the purpose of widening Marine Avenue. One of these parcels included twenty-two thousand, five hundred thirty-two (22,532) square feet owned by the Pavilion Apartments, an eight-hundred unit apartment complex owned by appellants.[1] Respondent also sought to temporarily acquire another sixteen thousand, two-hundred seventy (16,270) square feet of Pavilion Apartment property through a temporary construction and sloping license.

Shortly after filing the petition, a panel of the Permanent Condemnation Commission ("Commission") of St. Louis County held a hearing to determine damages, if

1. Appellant, Pavilion Partners, Ltd., is a limited partnership in which appellant, Ivan Mullenix, is the sole general partner.

any, each of the parcel owners would suffer as a result of the acquisitions. The Commission awarded $90,000.00 to the appellants and, on June 23, 1989, respondent filed exceptions to the award and requested a trial by jury. Appellants filed exceptions a week later.

On April 10, 1991, a trial was held in the Circuit Court of St. Louis County. At the trial, evidence was adduced indicating the damages suffered by appellants ranged between $0 to $150,000.00. The jury returned a 9–3 verdict for appellants in the amount of $50,000.00 and this appeal followed.

Appellants' sole claim on appeal is that the trial court erred in failing to permit appellants to poll the jury after the return of its verdict.

■ Although the origin of the right to poll is unclear, it appears to have its genesis in 2 *Hale, Pleas of the Crown,* 299 (1778) where the following is stated:

Now touching the giving up of their verdict, if the jury say they are agreed, the court may examine them by poll, and if in truth they are not agreed, they are fineable.

As the Supreme Court of Oregon noted in *Brooks v. Gladden,* 226 Or. 191, 358 P.2d 1055 (1961), the use of the word "may" in the above quoted passage has created a great deal of confusion in the states as to whether the right to poll a jury, if it exists at all, is an absolute right or one which lies within the discretion of the trial court. *Brooks,* 358 P.2d at 1060; *see also Brummett v. Parson,* 49 Or.App. 588, 619 P.2d 1355 (1980) (statute, now a court Rule, grants absolute right to poll criminal jury); *Logan v. Greenwich Hosp. Ass'n,* 191 Conn. 282, 465 A.2d 294, 307 (1983) (denial of motion to poll jury is within the discretion of the trial court).

In Missouri, the right to poll a criminal jury cannot be doubted. Rule 29.01(d) (felony and misdemeanor verdicts); Rule 37.-61(e) (ordinance and traffic violations). The right to poll a civil jury, on the other hand, is not provided for in the Missouri Rules of Civil Procedure and has not been ruled on by the courts of this State for well over 100 years. *See Poulson v. Collier,* 18 Mo.App. 583 (K.C. Ct.App.1885). Respondent, thus, contends that no such right exists in this State. We disagree.

In the earliest years of its statehood, the Missouri Supreme Court ruled that, in civil actions, a trial court committed reversible error when it failed to permit a party to poll the jury. *Hubble v. Patterson,* 1 Mo. 392 (Mo.1823). We have been unable to find any other Missouri case discussing the right to poll a civil jury until 1872. In that year, the Missouri Supreme Court again held that "either party has the right to poll the jury. It makes no difference whether the verdict is signed by all the jurors or only by the foreman. The parties have the right to know of each juror whether the verdict rendered is his, and this can only be done by polling the jury before they are discharged." *Norvell v. Deval,* 50 Mo. 272, 273 (Mo.1872). Finally, in *Poulson v. Collier,* 18 Mo.App. 583 (K.C.Ct.App.1885), the Kansas City Court of Appeals held, citing to both *Hubble* and *Norvell,* that "the polling of the jury was a right that either party could demand." *Poulson,* 18 Mo.App. at 603. The *Poulson* opinion represents the last time a party challenged the right to poll a civil jury in the Missouri Appellate Courts.

Prior to the adoption of the Missouri Constitution of 1945, civil procedure in the State of Missouri was governed primarily by a legislative code of procedures. *See e.g.* RSMo §§ 1034–1053 (1929) (Writs of Error). This system presented problems with procedural rules, such as the continued validity of legal antiquities long after their usefulness had expired. *See Hyde, From Common Law Rules to Rules of Court,* 22 Wash. U.L.Q. 187, 191–93 (1937). Article 5 § 5 of the 1945 Missouri Constitution changed this practice by granting the Supreme Court of Missouri the power to establish the Rules of Practice and Procedure for all courts. The rules currently used in practice are promulgated pursuant to that authority and "supersede all statutes and existing court rules inconsistent therewith." Rule 41.02.

As noted above, Missouri Civil Rules do not provide for the polling of civil juries. Respondent contends the Supreme Court, by failing to include such a right, has *"de facto* repealed or superseded its previous decree in 1823 that such a polling must be allowed in civil cases."

Respondent has cited this court to no cases which hold that the Supreme Court's failure to adopt a rule results in a "de facto" overruling of prior case law, nor have we found any such cases. Indeed, the Missouri Supreme Court has expressly stated that such a practice is not to be favored:

If no procedure is specifically provided by rule, the court having jurisdiction shall proceed in a manner consistent with the applicable statute, or statutes, if any, and precedent but not inconsistent with Rules 41 to 101, inclusive.

Rule 41.04. No Missouri statute deals with the issue of polling civil juries and there is no Missouri rule prohibiting this practice or regulating it in any manner. Nor do we find that the absence of a rule relating to the polling of civil juries is inconsistent with the *Hubble, Norvell,* and *Poulson* cases. To hold that the Supreme Court, by failing to adopt a rule granting a certain right to a party, was *de facto* overruling prior precedent, would be to hold that the language in Rule 41.04 relating to prior precedent had no meaning. This we will not do. Therefore, under Rule 41.04, this court is to be guided by precedent and, as noted above, precedent holds that the right to poll a civil jury is a "right that either party could demand." *Poulson,* 18 Mo. App. at 603.

Having held there is a right to poll the jury in civil cases, this court must next determine whether the trial court erred in denying appellants' motion to poll the jury.

■ We do not believe a party's right to poll the jury is without some constraints. The poll of the jury is limited to asking the individual jurors "Is this your verdict." It is improper for counsel to inquire of the jury how it reached its verdict during the poll. *Poulson,* 18 Mo.App. at 603. Thus, where counsel evidences a desire to "poll" the jury for the purpose of inquiring how

the jury reached its verdict, the trial court does not commit error in denying that party the right to poll the jury. Indeed, we believe it would be error to permit such questioning.

The transcript provided in the present case is nearly bereft of any record of appellants' request to poll the jury. No arguments were placed on the record regarding this request; even the request itself does not appear. Instead, the only evidence that a request was even made are two sentences; "we are going to let you take the jury list and determine who voted for and who didn't. We don't pole [sic] the jury in a civil case."

On appeal, appellants contend this last sentence "We don't pole [sic] the jury in a civil case," is sufficient, in itself, to find error. We disagree. Appellants' argument, both in their brief and at oral argument, discussed what they perceive to be evidence the jury returned a "quotient" verdict. On the back of the jury sheet, twelve numbers are added together and divided by twelve. The resulting figure is $52,300.00, a number close, but not equal to, the jury's verdict. Although appellant does not contend on appeal his purpose for requesting a poll of the jury was to question the jury regarding these figures, it is impossible for this court to determine if this was their intent before the trial court. The failure of appellants to present a record of their arguments at the trial court level renders it impossible for this court to determine error.

In addition, this court notes that, even if error occurred, not all error is reversible. *Neavill v. Klemp,* 427 S.W.2d 446, 448 (Mo.1967); *State v. Armstrong,* 605 S.W.2d 526, 530 (Mo.App., E.D.1980). "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b); *Springfield General O. Hospital v. West,* 789 S.W.2d 197, 205 (Mo. App., S.D.1990). We do not believe the failure to allow a poll of the jury in this case, if error, was prejudicial.

Since 1901, non-unanimous verdicts in civil cases have had to be signed by each juror agreeing to it. *See Missouri Session Laws of 1901* p. 190; RSMo § 494.210 (1986).[2] While the signing of a verdict sheet does not affect the party's right to poll the jury, *see Norvell,* 50 Mo. at 273, we believe the signings do have an impact on the level of prejudice resulting from the denial of a right to poll. The probability of error on the part of each individual juror is decreased by such an act. We, therefore, will not reverse a case for failure to poll the jury absent evidence of substantial prejudice.

Such a finding is not possible in the present case. While appellants contend it is highly likely a juror would have impeached the verdict due to its "quotient" nature had a poll been conducted, we find appellants' argument to be nothing but surmise and conjecture. This is particularly true as the jury's verdict and the amount on the back of the jury form are not equal. We do not find substantial prejudice in this case.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.

---

**2.** Since 1989, all jurors must sign a verdict regardless of unanimity or the lack thereof. See RSMo § 494.490 (1989 Supp.).