THE STATE OF KANSAS v. T. G. MUIR.

VERDICT *in Criminal Case—Defendant Absent—Error.* The jury returned their written verdict in a criminal case to the judge of the court on Sunday, in the absence of the defendant and his counsel, and without either of them being called or notified. The judge received the verdict, and discharged the jury from further consideration of the case. At the opening of the court on the next day, (Monday,) the defendant asked the court to recall the jury, and allow him the opportunity of having the jury polled in his presence; but the court denied the application. The defendant also moved that the verdict be set aside and stricken from the files; that the jury be recalled, and directed to return a proper verdict; all of which motions, as well as the motion for a new trial, were overruled. *Held,* That neither the defendant nor his counsel, in the absence of notice, were bound to be in attendance upon the court on Sunday on the coming in of the jury; *and held further,* that on account of the action of the court in discharging the jury, and refusing to poll the jury in the presence of the defendant, the judgment must be reversed and a new trial granted.

*Appeal from Osage District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The facts are stated in the opinion. From a judgment against him at the October Term, 1883, the defendant *Muir* appeals.

*Ellis Lewis,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: An information was filed against the appellant, charging him in three counts with violating the prohibitory liquor law. The jury found him guilty upon the third count of the information, and returned a verdict of not guilty upon the other counts. He was sentenced to pay a fine of $250, the costs of the prosecution, and ordered to be committed until the fine and costs were paid.

From the record it appears that the jury retired to consider of their verdict on Saturday, October 27, 1883; that at nine o'clock on Sunday, October 28, 1883, the jury notified the

31—32 KAS.

judge through their bailiff that they had agreed upon a verdict. Thereupon they were brought into the court and delivered their verdict to the judge of the court, in the absence of the defendant and his counsel, and without their having been called. The court received the verdict, and asked each juryman if the verdict was his verdict, and if he was satisfied with the same; and each having answered in the affirmative, the court discharged them from further consideration of the case. At the opening of the court on the next day, Monday, October 29, the appellant asked the court to recall the jury and allow him the opportunity of having the jury polled in his presence. The court denied the application. The defendant also moved that the verdict be set aside, and stricken from the files; that the jury be recalled, and directed to return a proper verdict — all of which motions, as well as the motion for a new trial, were overruled, and exceptions taken.

When a verdict is announced, the defendant may require the jury to be polled. A party has, in all cases, the right to know whether the supposed verdict is the verdict of each juror, or only one of the jury; and examining the jury by the poll is the only recognized means of ascertaining whether they were unanimous in their decision. This right is equally applicable to civil and criminal cases. The appellant therefore had the legal right to poll the jury, and he cannot be deprived of that right without his consent. (Cr. Code, § 208; Civil Code, § 283; *Maduska v. Thomas*, 6 Kas. 159; *Munkers v. Watson*, 9 id. 668–673; *James v. State*, 55 Miss. 57; 30 Am. Rep. 496, and notes; *State v. Hughes*, 2 Ala. 102.)

If it be urged that the appellant was voluntarily absent from the court room on the coming-in of the jury, and thereby waived his right to have the jury polled, it is sufficient to answer that neither he nor his counsel, in the absence of notice, were bound to be in attendance upon the court on Sunday. *Dies dominicus non est juridicus* — the Lord's day is not a court day. While it is lawful for a court to receive a verdict on Sunday, yet as the parties have the right to poll the jury, the court ought not make such disposition of the case, in the ab-

sence of the parties and counsel, as to prevent the exercise of this right. (*Stone v. Bird,* 16 Kas. 488; *Norvell v. Deval,* 50 Mo. 272; *Reid v. State,* 53 Ala. 402; *Stewart v. People,* 23 Mich. 63; *James v. State,* supra; 1 Bishop on Cr. Pro., §§ 270, 272.)

Under the circumstances of this case, as the appellant and his counsel were both absent when the jury returned their verdict, they should have been notified before the jury were discharged, and if not found, the verdict might have been received and the jury requested to be present at the opening of the court on the following day. The jury could have then been polled.

On account of the conclusion reached, it is not important to discuss the other questions presented. (See the case of *The State v. Jenkins,* just decided.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.