**UNITED STATES of America,**
**Appellee,**

v.

**Edward CARTER and Odessa Slater,**
**Appellants.**

**No. 525, Docket 29612.**

United States Court of Appeals
Second Circuit.

Argued June 10, 1965.

Decided June 10, 1965.

and directing the court reporter to consult his minutes, reconvened court in the absence of the jury and notified counsel and the defendants that the transcript was in error. The reporter stated that his notes showed the detective to have used the word "whereupon" rather than the two words "where Bob"; that in dictating the notes, which were indistinct, he thought they indicated "where Bob"; but "the notes, on looking at them now, and if any other reporter would look at them, would show 'whereupon.'" The judge having stated that he would so inform the jury, defense counsel moved for a mistrial. Judge Sugarman denied this but granted additional time for further summation.

■ The claim that the judge's action violated 28 U.S.C. § 753(b) is unfounded. When the statute says that the transcript certified by the reporter "shall be deemed prima facie a correct statement of the testimony taken and proceedings had," it clearly implies, as would be evident in any event, that the transcript is subject to correction. The Rules expressly authorize such correction in the preparation of the record on appeal, F.R.Civ.P. 75(h), F.R.Cr.P. 39(b) (1), see United States v. Ross, 321 F.2d 61, 67 fn. 4 (2 Cir.), cert. denied, 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123 (1963); and the power of the court to make the record "conform to the truth" must exist equally at trial.

■ The real issue is not whether the judge can have the transcript corrected but when and how. If defense counsel had insisted that the original version was right, they might well have been entitled to cross-examine the reporter and to produce expert testimony, see Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957), or, if such action would have unduly delayed submission to the jury, to a mistrial. Circumstances might arise when, even if counsel are satisfied that a mistake has been made, legitimate reliance on the mistaken version would have created a situation demanding declaration of a mistrial. But we find no abuse of discretion in Judge

John R. Bartels, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Michael W. Mitchell, Asst. U. S. Atty.), for appellee.

Frederic A. Johnson, New York City, Rudolph Lion Zalowitz, Elizabeth, N. J., for appellants.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

After a five day trial a jury found appellants guilty of violating 21 U.S.C. §§ 173 and 174. Appellants seek reversal of the judgment of conviction entered upon the verdict and dismissal of the indictment upon a single ground: In summation defense counsel attacked the credibility of a narcotics agent on the basis that his testimony conflicted with that of a New York City detective also called by the Government. The transcript showed the latter to have testified: "I hailed a taxicab and went back to 145th Street and Seventh Avenue, where Bob, Lee and I entered my automobile * * * "; the narcotics agent had not included "Bob" among those present. At the end of the summation, Judge Sugarman, after checking his own notes

Sugarman's deciding that in this case careful explanation to the jury and allowance of additional time for summation adequately protected the defendants.

Affirmed.