DOMINGO FRANCESCHI, Plaintiff and Appellant, *v.* ULRICO RIVERA ECHEVARRÍA, ETC., Defendants and Appellees.

No. R-65-71.     Decided May 29, 1967.

*Andrés Santiago Burgos* for appellant. Appellees did not appear.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: As a result of the overturning of Félix Toledo's truck, driven by Rivera Echevarría, when one of its wheels fell into a deep hole in the road in front of a house which belongs to appellant, said truck collided against said house causing it damages. The hole in question was formed when the road caved in after an excavation was made, for the purpose of placing a pipeline, and filled in by the Puerto Rico Aqueduct and Sewer Authority. The court concluded that the accident was due to the negligence of said Authority in failing to fill and properly cover the excavation in the road.

The controversy centers on the extent of the damages and the cost to repair them.

Appellant's expert witness presented an estimate of the cost to repair the damages amounting to $2,438.50, but the trial court did not consider it "since according to his own testimony he considered putting a concrete roof . . . , also the demolition of the front and central wall without having shown the necessity therefor." The court concluded that the total cost of the repairs was $500 which is the estimate offered by appellees' expert witness. However, this is an over-all estimate based on filling the cracks in the walls with a material called corting compound and then the painting of the house. The latter witness admitted that the resistance of the walls had been affected, and that the corting compound corrects the cracks, "it covers them"; but it does not restore the resistance which the walls had before the accident; that "to pay for the fence and the fixing of cracks and repairing . . . the house itself the expense would amount to around $500." Lastly, he added, that about $150 would be spent for painting the house, $75 to fix the fence and $16 for insurance and policy.

Appellant points out that the trial court erred in fixing an insufficient and inadequate compensation, out of proportion with the damages caused and that it abused its discretion in refusing to accept his expert evidence.

The evidence showed that the damages consisted in the destruction of a fence, deep cracks "in the front and central wall," cracks in the floor, and displacement of the tiles; that the repairs would include plastering and painting.

The estimate of appellees' expert (1) does not contain the necessary details for the repairs and (2) he is necessarily mistaken in partly basing the repairs on covering the cracks in the walls after admitting that the resistance of the walls was affected by the cracks and that covering the cracks would not restore the resistance the walls had before the accident. So that the court was not justified in accepting only appellees' estimate.

On the other hand, said court was justified in not accepting the estimate of appellant's expert as to the demolition, repair of walls, and cleaning of debris, for he considered putting a concrete roof, that is, for the purpose of correcting the damages suffered by the walls he considered putting a concrete roof, as determined by the trial judge from his own notes of the testimony of appellant's expert witness. *Ruiz Pérez* v. *Superior Court, ante,* p. 396; *United States* v. *Carter,* 347 F.2d 220 (2d Cir. 1965); *United States* v. *Marachowsky,* 15 F.R.D. 130 (U.S.D.C. W.D. Wis. 1953).

In view of the foregoing it is proper that we determine the cost of repairing the damages in this case on the basis of such evidence of the parties that best conforms to reality and the nature of the damages suffered and in relation to which there is a reasonable degree of conformity, for the purpose of restoring the property to its condition before the accident. *Ortiz Rivera* v. *Aetna Life Insurance Company,* 89 P.R.R. 628 (1963); *Kathan* v. *Bellows Falls Village Corporation,* 223 A.2d 470 (Vt. 1966); *Kentucky Stone Company* v. *Gaddie,* 396 S.W.2d 337 (Ct. App. Ky. 1965); *Kirst* v. *Clarkson Construction Company,* 395 S.W.2d 487 (Ct. App. Mo. 1965); *Southern Railway Company* v. *Wooten,* 137 S.E.2d 696 (Ct. App. Ga. 1964). The different items of said costs so determined are:

| | | |
|---|---|---:|
| 1) | Floor repairing and installation of tiles | $546 |
| 2) | Plastering repairs | 150 |
| 3) | Fence repairs | 75 |
| 4) | Insurance and permits | 16 |
| 5) | Painting | 150 |
| | TOTAL | $937 |

To this, $64 should be added, which, according to the trial court, represents income for rent not received. This item is justified under the rule of compensatory damages

and, therefore, it is not proper to increase it, as requested by appellant. *Rodríguez* v. *Lema*, 87 P.R.R. 582 (1963); *Stella, Now his Heirs* v. *Municipality*, 76 P.R.R. 733, 745 (1954); *Palmer* v. *Barreras*, 73 P.R.R. 266 (1952); *León Parra* v. *Gerardino*, 58 P.R.R. 494 (1941). For lack of exact evidence of the cost for restoring the cracked walls to their original condition we have been unable to consider said item.

In view of the foregoing, the judgment rendered by the trial court in this case is modified, for the purpose of increasing the amount for the cost of repairs to $1,001 and as thus modified it is affirmed.