**Van Dyke JACKSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21012.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1967.

Decided Nov. 14, 1967.

Mr. R. Harrison Pledger, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Lawrence Lippe, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty., and Mr. Frank Q. Nebeker and Miss Carol Garfiel, Asst. U. S. Attys., were on the brief, for appellee. Mr. Al-

bert W. Overby, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

█ Appellant was convicted of the crimes of robbery and of carrying a dangerous weapon. He received concurrent sentences of one to five years on the first, and one year on the second. On this appeal he complains only of the robbery conviction. One claim, not raised by motion at trial, is that the jury's verdict was founded upon insufficient evidence, but we think there was adequate testimony to support the result.[1] The more substantial contention is that the trial court erred in entering judgment upon a jury verdict which was not demonstrably unanimous. We have weighed this carefully, and have concluded that reversal is not required.

In mid-afternoon of the first full day of its deliberations, the jury reported to the court that it was in disagreement. The court thereupon gave the so-called *Allen* charge in the form contained in the District of Columbia Junior Bar Section's Criminal Jury Instruction Manual (No. 41). See Fulwood v. United States, 125 U.S.App.D.C. 183, 369 F.2d 960 (1966). The jury continued to deliberate for about an hour when, at 4:30 P.M., it was excused until the next day. Not long after reconvening the following morning, it reported itself in agreement. Although the giving of the *Allen* charge was objected to at the time, no error is claimed upon appeal, counsel (who also tried the case) being of the view that any coercive effect was dissipated by the overnight recess.

After what was presumably the usual inquiry by the clerk to the foreman, the foreman's announcement of the guilty verdicts, and the clerk's question as to whether the verdicts so reported were the verdicts of each of the jurors, there was a defense request for a poll. The transcript then shows the following:

"THE COURT: Members of the jury, counsel for the defendant has asked that you be polled. That means that when the Clerk calls your individual names, you will state your individual verdict. Do you understand that? You probably have been polled before in other cases; but, in other words, your foreman has stated your verdict. You will now each individually state your verdict as the Clerk calls your name.

"THE DEPUTY CLERK: Mrs. Aminta R. Knight, what say you as to the defendant on count one [robbery] of the indictment?

"MRS. KNIGHT: I went along with the majority—guilty.

"THE COURT: What did you say?

"MRS. KNIGHT: I went along with the majority.

"THE COURT: Guilty?

"MRS. KNIGHT: Yes.

"THE DEPUTY CLERK: On count two of the indictment?

"MRS. KNIGHT: Guilty."

The response of each of the other jurors was simply "Guilty."

Defense counsel was silent throughout the poll. Only after the jurors had been dismissed and dispersed did he object to the verdict on the ground that Mrs. Knight's answers to the poll showed the robbery verdict not to be unanimous. The only circumstance he alluded to at this time was the assertedly emotional state of a second juror. The court said then that it did not "see anything, frank-

---

1. The Government's case essentially was that appellant initiated a robbery of a filling station by asking the attendant to change a $5 bill. The attendant testified that the $5 bill was shown to him but not given him, and that appellant, after drawing a gun, seized the five one-dollar bills which had been counted out as change, and fled. Appellant claimed to have taken nothing of value since he had given the $5 bill to the attendant before running away and, in any event, had not, so he said, been given the five one-dollar bills. The jury, as it was entitled to do, apparently believed the story told by the attendant.

ly, from what I observed to set aside the verdict." It reserved decision, however, until counsel could file a memorandum, but it thereafter filed a written memorandum in which it described the circumstances and declared itself "satisfied that the procedures followed were non-coercive and that the verdict rendered was the free and considered decision of each individual member of the jury."

In oral argument appellant's counsel referred to circumstances visible in the courtroom at the time of the poll which indicated the verdict to be less than unanimous. But if these circumstances were so plainly evident, it seems to us that they would, as they should, have been immediately called to the court's attention upon the record. Had that been done, any doubts whatever about the state of the jurors' minds could have been cleared up and appropriate action taken before the jury was dismissed. A principal office of the making of objections by counsel in adversary proceedings is not only to assure justice but also to achieve efficiency and expedition in its administration.

Absent such a response by counsel to the alleged stress of the moment, we are not persuaded that, in the light of what is before us, we must disregard the court's own characterization of the scene. The colloquy in cold print is susceptible of different interpretations, although we note that the court had just clearly notified the jurors that they were about to be polled as to their individual verdicts and that, after the initial ambiguous response by Mrs. Knight, the court itself asked her if her verdict was guilty, and she replied "Yes." Although the court's inquiry did not perhaps exhaust the solicitude appropriate to a situation of this kind, particularly when the circumstances actually obtaining are difficult to communicate to an appellate court in a cold record, we are not prepared to say that the court erred in its appraisal at the time of the genuineness of Mrs. Knight's verdict.

Affirmed.