**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Levi FOX, Defendant-Appellant.**

**No. 73–1888.**

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1973.

Robert E. Gibney, Mobile, Ala. (Court appointed), for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, COLEMAN and RONEY, Circuit Judges.

PER CURIAM:

A jury convicted the appellant, Levi Fox, in ten counts of knowingly transporting five stolen motor vehicles in interstate commerce and of knowingly receiving and concealing five stolen motor vehicles which were moving as interstate commerce, 18 U.S.C., §§ 2312, 2313. The stolen vehicles were four Cadillacs and one Buick. He was sentenced to imprisonment for an aggregate of six years, with five years probation. We affirm.

That the cars were stolen and that they were transported in interstate commerce from Michigan to Mobile is not disputed. The evidence from which the jury could infer guilty knowledge was overwhelming. Consequently, the appellate issues are hopefully centered upon asserted trial errors.

Upon consideration of the record, briefs, and oral argument we see no reversible error.

The brief questions asked of Fox when he first arrived in Mobile did not

impinge upon his *Miranda* rights, United States v. Montos, 5 Cir., 1970, 421 F. 2d 215.

The identification of the stolen automobiles by an examination of the public and confidential identification numbers was accomplished in a constitutionally permissible manner, United States v. Johnson, 5 Cir., 1970, 431 F.2d 441 (en banc) and numerous Fifth Circuit cases subsequently decided on the authority of *Johnson*.

The District Court correctly retired the jury for further deliberation when a poll revealed that one juror was not certain of her verdict, Rule 31(d), Federal Rules of Criminal Procedure; United States v. Sexton, 5 Cir., 1972, 456 F.2d 961; United States v. Bendicks, 5 Cir., 1971, 449 F.2d 313. The juror was not required to deliberate and vote in open court.

The instructions to the jury, assessed as a whole, were not reversibly erroneous.

The judgment of the District Court is Affirmed.