No. 47,459

STATE OF KANSAS, *Appellee,* v. KARLA M. PANKER, *Appellant.*

(532 P. 2d 1073)

Opinion filed March 1, 1975.

*Charles E. Worden,* of Topeka, argued the cause and was on the brief for the appellant.

*Thomas D. Haney, Jr.,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal by defendant, Karla M. Panker, from a conviction for the sale of marijuana. The single issue on appeal concerns the events that transpired during the polling of the jury. After the jury had deliberated on the case they notified the court that they had reached a verdict. The jury returned to the courtroom where a verdict of guilty was read aloud by the court reporter. Immediately thereafter the jury was polled as to their individual votes pursuant to the request of defendant. During the polling, the following colloquy took place:

"(REPORTER'S NOTE: Thereupon at this time, a verdict of guilty was read aloud by the Reporter, after which the following was had to-wit:)

"The Court: Do you desire to have the jury polled, Mr. Lake?

"Mr. Lake: Yes, I do.

"(Reporter's Note: Thereupon at this time, a polling of the jury was had, during which poll the following was had to-wit:)

"Juror Lucero: Well, there was one question we had to answer and I, myself, am not quite clear that we had an answer or not, but we voted on it.

"The Court: What are you alluding to, sir?

"Juror Lucero: The definition of presence.

"The Court: Presence?

"Juror Lucero: Yes, can I talk about this?

"The Court: Well, I certainly want to know what you are referring to because I think the defendant is entitled to know this.

"Juror Lucero: Does the definition of present during a sale constitute a sale?

"The Court: Well, I told you to read your Instructions in connection with this, because the Instructions fully set forth what the State had to prove in order to find this defendant guilty, and you should have done that, and if there is any question about the elements of those Instructions, then I would want to know it now? I want you to abide by them. You can't bring things into the case that are not here. Now, are you fully satisfied of that which you have determined here?

"Juror Lucero: Based upon the definitions you gave, yes.

"The Court: All right, proceed on, Mr. Reporter.

"Juror Bayless: Yes, I am satisfied, but I had the same question as far as the definition goes. I had the same question about the one of sale and presence, but as to the definitions given to us, I am satisfied.

"The Court: All right, proceed on.

"(Reporter's Note: Thereupon at this time, the polling of the jury was completed, after which time the Court accepted the verdict of the jury, and at this time the jury was discharged from any further consideration of the case."

Defendant contends the trial court committed reversible error by questioning the jurors in the manner disclosed by the foregoing colloquy. Under the theory expressed by defendant it was incumbent upon the trial court to send the jury out for further deliberation if any member of the jury, when being polled, expressed concern or doubt about the verdict.

K. S. A. 22-3421 provides as follows:

"The verdict shall be written, signed by the foreman, and read by the clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagrees, the jury must be sent out again; but if no disagreement be expressed, and neither party requires the jury to be polled, the verdict is complete, and the jury discharged from the case. If, however, the verdict be defective in form only, the same may, with the assent of the jury, before they are discharged, be corrected by the court."

The American Bar Association Standards for Criminal Justice, Trial by Jury, Section 5.5, provides:

". . . If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged."

We are unable to make any significant distinction between disagreeing with the verdict and the requirement of unanimous concurrence.

Any party in a civil or criminal case has an absolute right to have the jury polled. (*State v. Muir*, 32 Kan. 481, 4 Pac. 812.) This practice requires each juror to answer for himself, thus creating individual responsibility and eliminating any uncertainty as to the verdict announced by the foreman. It also affords an opportunity for free expression unhampered by the fears or errors which may have attended the private proceedings. (8 Wigmore, Evidence, McNaughton Rev. 1961, § 2355, p. 717.)

Since neither party cites any cases from our reports on the issue involved in this action, and our search reveals none, we recognize this as a case of first impression.

Defendant cites the following cases from the federal courts:

In *United States v. Edwards*, 469 F. 2d 1362 (5th Cir. 1972), a juror, when being polled, stated "It's my verdict, but I am still in doubt." The trial judge questioned the juror, subsequently obtained a "Yes, sir" answer, and therefore accepted the verdict. The case was reversed on appeal, the appellate court stating that where the poll indicates a lack of unanimity the trial court must refrain from attempting to extract unanimity by questioning from the bench and must either order the jury to retire for further deliberations or dismiss them.

In *United States v. Sexton*, 456 F. 2d 961 (5th Cir. 1972), upon a poll of the jury one of the jurors announced that she did not vote. The court inquired, "Well, is it your verdict?" to which she replied "Yes, sir." On appeal it was held this constituted reversible error. The appellate court reasoned that when efforts to secure a verdict from a juror reach the point that a single juror may be coerced into surrendering views conscientiously entertained, the jury's province is invaded and its requirement of unanimity is diluted. The court also stated it was error to permit counsel to question the reasons or motives of a juror in changing his mind.

In *Bruce v. Chestnut Farms-Chevy Chase Dairy*, 126 F. 2d 224 (D. C. App. 1942), a civil case, the announced verdict of the jury was in favor of the defendant. Two of the jurors, upon being polled, stated their verdict was for the plaintiff. Upon further inquiry by the court, each juror recanted. In holding the trial court

erred in accepting the verdict, it was stated that the trial court should have required the jury to retire and give further consideration to the case.

In *United States v. Bendicks,* 449 F. 2d 313 (5th Cir. 1971), the jury returned a verdict that the defendant was sane at the time of the offense. A poll of the jury revealed that one juror had reached an opposite verdict, and the trial court instructed the jury to retire and resume its deliberations as the verdict was not acceptable. Upon further deliberation the jury again returned a verdict of sanity and, as before, was polled. All jurors stated the verdict was their true verdict. It was held the acceptance of the verdict was not error.

In *United States v. McCoy,* 429 F. 2d 739 (D. C. App. 1970), in response to the clerk's request to "state yes or no whether or not your verdict is the same as that given by your foreman," one juror answered "Yes, with a question mark." The court held the jury should have been ordered to resume its deliberation and the juror's subsequent answer "Yes" did not remove the uncertainty of her verdict. To the same effect is *United States v. Fox,* 488 F. 2d 1093 (5th Cir. 1973).

Defendant also relies on *Matthews v. United States,* 252 A. 2d 505 (D. C. App. 1969), where a juror answered her vote of guilty was conditional. The court required her to answer "guilty" or "not guilty." On appeal, it was held the court should not have required the juror to answer "guilty" or "not guilty," but should have retired the jury for further deliberation.

These cases are cited as a basis for the contention that the jury in the instant case should have been returned to the jury room for further deliberation. We generally agree with the conclusions reached by the appellate court in each of these cases, but other than the fact a colloquy occurred between the court and a juror, we find no similarity to the facts in this case. In the cited cases we find either a disagreement with the verdict, a statement of doubt or question as to the correctness of the verdict, or a failure of the jury to vote on the verdict. Here, we have a juror, without any reference to the verdict, raise a question as to the meaning of an instruction.

The trial judge, after learning the nature of the problem, advised the juror that the instructions fully set forth what the state had to prove in order to find defendant guilty, and that the jury should abide by the instructions and not bring things into the case that

were not there. After inquiry of the trial judge as to whether the juror was fully satisfied, the juror stated, "Based upon the definitions you gave, yes." Undoubtedly, some discussion was had among the jurors as to the meaning of the instruction. We feel justified in stating that few jury verdicts are rendered without some difference of opinion as to the meaning of instructions. If these differences were raised by a responding juror in every poll, and could be considered as destroying the required unanimity, we would seldom terminate a controversy. We do not consider the inquiry and remarks made by the trial judge objectionable. We are satisfied there was no disagreement with the verdict by the inquiring juror and unanimous concurrence in the verdict was obtained.

An annotation entitled "Juror's Reluctant, Equivocal, or Conditional Assent to Verdict, on Polling, as Ground for Mistrial or New Trial in Criminal Case" appears in 25 A. L. R. 3d 1149. Most of the cases cited by the state appear in the annotation. Summarizing the result of the plethora of cases cited therein, the annotator states that when the response of a juror indicates a lack of free or voluntary consent or indicates considerable doubt about the guilt of the accused, further deliberation should be ordered or a mistrial declared. This rule is in harmony with the cases cited by defendant. We believe it is sound in principle and in accord with our statute, and should be adopted in this state.

If the response of the juror does not clearly fall within the foregoing rule the discretion of the trial court must be exercised. Limited inquiry should be permitted to determine whether the required unanimity has been obtained. It should be recognized that the mind of man is unpredictable and the realm of possible responses of a juror is limitless. In dealing with such responses the trial court's inquiry should be aimed toward a determination of whether the juror's verdict was made with an understanding of its effect. After such determination, the test herein stated should be applied.

Judgment is affirmed.