UNITED STATES of America,
Plaintiff-Appellee,

v.

Bob Michael SMITH, a/k/a Robert Michael Smith, Defendant-Appellant.

No. 77–1264.

United States Court of Appeals,
Tenth Circuit.

Decided Sept. 14, 1977.

Submitted Aug. 9, 1977.

Barry Albert, Oklahoma City, Okl., for defendant-appellant.

John E. Green, Acting U. S. Atty., Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before LEWIS, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Bob Michael Smith was convicted in a jury trial in the United States District Court for the Western District of Oklahoma for knowingly distributing the Schedule III controlled substance phencyclidine, in violation of 21 U.S.C. § 841(a)(1). The issues he raises on this appeal deal with proceedings after the jury returned into open court with the first of two verdicts rendered in this case.

After several hours' deliberation, the jury returned to the courtroom, and its verdict of guilty was announced. The court then polled the jurors, beginning with Verda Abrusley:

THE COURT: Is that your verdict, Mrs. Abrusley? Is that your verdict?

JUROR ABRUSLEY: I'm still debating on it, but—

At that point, the trial judge proceeded to the next juror. The remaining jurors gave affirmative responses to the judge's inquiry. The court ordered the verdict filed, at which time appellant objected. Appellant's counsel argued, out of the jury's hearing, that the first juror's response to the poll indicated she was not certain and therefore the verdict was not unanimous. The trial judge responded that he understood Mrs. Abrusley's answer to be that the verdict announced was her verdict. However, upon hearing the proceedings read back by the court reporter, the judge saw fit to further question Abrusley. The record reflects the following inquiry:

THE COURT: Mrs. Abrusley, when I polled the jury, which is a procedure that we—

JUROR ABRUSLEY: Yes.

THE COURT: —do routinely, I inquired of you first.

JUROR ABRUSLEY: Yes.

THE COURT: And it may have caught you a little off guard and unprepared.

We are not certain that either the Court Reporter or the Court understood your answer to my question, so may I ask you again—

JUROR ABRUSLEY: May I come?

THE COURT: No, please stay there and answer my question exactly as you want to.

JUROR ABRUSLEY: Okay.

THE COURT: But answer my question responsively.

JUROR ABRUSLEY: Okay.

THE COURT: I am inquiring of all the jurors if the jury-verdict form, as read by the clerk, is each of your verdicts.

Now, I am asking you, is that your verdict?

JUROR ABRUSLEY: Well, I first said, you know, that he was not guilty.

THE COURT: No, ma'm. I don't want an explanation—

JUROR ABRUSLEY: Yes.

THE COURT: —of the process you went through, I want to know is that your verdict. Yes or no.

JUROR ABRUSLEY: Due to just the— what they had against him—

THE COURT: Mrs. Abrusley, answer my question directly. Is the verdict of guilty your verdict?

JUROR ABRUSLEY: Not really. I— they influenced me.

THE COURT: I don't want to hear any more about it.

JUROR ABRUSLEY: Okay.

THE COURT: I'll ask the jury to retire to the jury room at this time and await further instructions.

At that point, appellant's counsel moved for a mistrial. He stated he understood Abrusley to have said, "Not really—they *forced* me." The record reflects that she used the

word "influenced". Appellant's counsel based his argument largely upon her use of the word "forced" and contended that the jury could not fairly deliberate any further.

Before ruling on appellant's motion, the trial judge ordered a brief recess during which he reviewed the stenographic record with the court reporter. When the proceedings reconvened, the judge informed appellant's counsel that the reporter's notes, which were consistent with the judge's recollection, indicated Abrusley never used the word "forced". The trial court noted the juror's uncertainty, as reflected in her answer that the verdict was "[n]ot really" her verdict and announced his intention to send the jury back for additional deliberations. Appellant's counsel objected, reiterating his contention that Abrusley used the word "forced", and requested an opportunity to produce evidence rebutting the stenographic record. He proposed to call persons who were in the courtroom during the colloquy to testify as to what they heard Abrusley say. The trial judge denied his request, as well as his motion for mistrial, and sent the jury back for further deliberation. The jury subsequently returned with a verdict of guilty; a poll indicated the verdict was unanimous. Over appellant's objection, the judge ordered the verdict filed.

■ Appellant contends the trial court erred in denying him the opportunity to present evidence rebutting the stenographic record. We disagree.

The Court Reporter's Act, 28 U.S.C. § 753, provides that "[t]he transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and proceedings had." In *United States v. Carter,* 347 F.2d 220 (1965), *cert. denied,* 382 U.S. 888, 86 S.Ct. 178, 15 L.Ed.2d 124, the Second Circuit drew from that language the inference that the record is subject to correction. In *Carter,* the defendant alleged that the trial court erred in amending the record from the bench. The court affirmed the conviction, noting the authority of the trial judge to make the record conform to the truth. *Carter* does not, however, support appel-

lant's contention that upon his mere assertion that the stenographic record is erroneous he is entitled as of right to present testimony in rebuttal. Indeed, that court speaks in terms of the discretion of the trial judge in such matters.

■ We cannot say that appellant's substantial rights were prejudiced by the trial judge's denial of appellant's request. The trial judge was present and was a participant in the colloquy with Abrusley. His judgment as to the existence of a bona fide and substantial question regarding the correctness of the record is entitled to great weight. Additionally, appellant has not demonstrated the significance of the juror's choice of words. The poll of jurors is a procedure to protect the right of an accused to be convicted, if at all, by no less than unanimous assent of the jurors. The only determination to be made on the poll is whether the verdict announced is each juror's verdict. The matter disputed here concerns a comment the juror volunteered concerning the deliberation process. Her indication that the verdict announced was "[n]ot really" her verdict was her only pertinent response. We have held that a juror may not impeach a verdict by testimony concerning the deliberation process. *Young v. United States,* 163 F.2d 187 (10th Cir. 1947), *cert. denied,* 332 U.S. 770, 68 S.Ct. 83, 92 L.Ed. 355; *Loney v. United States,* 151 F.2d 1 (10th Cir. 1945). Abrusley's proffered explanation was neither pertinent to the poll nor admissible to impeach the verdict. We do not believe, therefore, that a question as to the content of her explanation involved appellant's substantial rights.

Appellant next contends the trial judge erred in returning the jury for further deliberations rather than discharging the jury when it became apparent that the first verdict was not unanimous.

■ Rule 31(d), Fed.R.Crim.P., provides:

(d) Poll of Jury. When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If

622

upon the poll there is not unanimous concurrence, *the jury may be directed to retire for further deliberations or may be discharged.* [Emphasis added.]

The rule clearly vests the trial judge with discretion. He is in a better position than the appellate court to determine the effect of a dissenting or uncertain vote upon the likelihood that further deliberations will yield a freely given verdict. His judgment is entitled to proper deference. *United States v. Brooks,* 137 U.S.App.D.C. 147, 420 F.2d 1350 (1969); *Williams v. United States,* 136 U.S.App.D.C. 158, 419 F.2d 740 (1969); *Jackson v. United States,* 128 U.S. App.D.C. 214, 386 F.2d 641 (1967). We cannot say the trial judge abused his discretion in directing further deliberations.

▪ The more substantial question is the fairness of the ultimate verdict of guilty. Appellant contends it was the result of coercion rather than free deliberation. He places primary reliance on *United States v. Sexton,* 456 F.2d 961 (5th Cir. 1972). Sexton was charged with violation of various criminal provisions of the Internal Revenue Code. The jury returned with a verdict of guilty. The court proceeded with a poll, asking each juror, "Was it your verdict?" One of the jurors responded, "I didn't vote either way." The trial judge asked again, "Well, is it your verdict?" The juror responded, "Yes, sir." The Fifth Circuit held the interchange constituted undue interference by the judge in that the juror, having indicated uncertainty, was required to make up her mind in open court. As the court pointed out, "If the Court had simply stated that the verdict could not be accepted because it was not unanimous and had returned the jury for further deliberation there would have been no error." 456 F.2d at 967.

In the present case, Abrusley was anxious to explain rather than respond to the judge's question in the poll. The judge refused, politely but firmly, to argue or discuss the matter with her; rather, he sought a responsive answer to the inquiry on the poll. When Abrusley responded that the verdict was not hers, the judge immediately ended his exchange with her.

In *Sexton,* the judge forced a juror, in the face of her expressed uncertainty, to arrive at a verdict in open court. In this case, at the juror's first direct indication of her nonconcurrence the court stopped the inquiry. We believe the ultimate verdict was the product of free deliberation and not of interference or coercion from the bench. *Amos v. United States,* 496 F.2d 1269 (8th Cir. 1974), *cert. denied,* 419 U.S. 896, 95 S.Ct. 174, 42 L.Ed.2d 140; *United States v. Fox,* 488 F.2d 1093 (5th Cir. 1973), *cert. denied,* 417 U.S. 948, 94 S.Ct. 3074, 41 L.Ed.2d 668; *United States v. Bendicks,* 449 F.2d 313 (5th Cir. 1971).

AFFIRMED.