**Nasario D. MARTINEZ, Jr., Petitioner-Appellant,**

v.

**Levi ROMERO, Warden, New Mexico State Penitentiary, Respondent-Appellee.**

**No. 79–2262.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 22, 1980.

Decided Feb. 9, 1981.

William Deaton, Federal Public Defender, and R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N.M. for petitioner-appellant.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from the district court's denial of appellant's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Appellant was convicted by a jury of trafficking in heroin and was sentenced to imprisonment for 10 to 50 years. On appeal, appellant contends that various procedural irregularities deprived him of a fair trial. These alleged irregularities can be summarized as follows: prejudicial delay, coercive jury polling, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel.

Appellant alleged that, prior to his § 2254 petition, he exhausted all his state remedies. The New Mexico Attorney General, however, responded that, to his knowledge, appellant's state Rule 57 motion to vacate—a post-conviction attack filed in April of 1979 and based on the claims now before us—"has not been acted upon." We have no record of this post-conviction attack or of its disposition in the New Mexico courts. The magistrate, whose findings the district court adopted, in full, did not address this exhaustion problem. The district court on remand must inquire into and make specific findings as to whether appellant has exhausted his state remedies.

Accordingly, the cause is partially remanded for a determination of whether state remedies have been exhausted. Upon completion of those proceedings, the clerk of the district court shall promptly certify to this court the record of those proceedings as a supplemental record on appeal. Jurisdiction is retained for all other purposes.

IT IS SO ORDERED.