**Nasario D. MARTINEZ, Jr.,
Petitioner-Appellant,**

v.

**Levi ROMERO, Warden, New Mexico
State Penitentiary,
Respondent-Appellee.**

No. 79–2262.

United States Court of Appeals,
Tenth Circuit.

Submitted on the Briefs Pursuant to
Tenth Circuit Rule 9.

Decided Oct. 5, 1981.

William W. Deaton, Jr., Federal Public Defender, and R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

Before BARRETT, HILL and McKAY, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This cause was earlier partly remanded for a determination of whether appellant had exhausted administrative remedies. *Martinez v. Romero*, 640 F.2d 1151 (10th Cir. 1981). The district court has now furnished a supplemental record clearly establishing the requisite exhaustion.

This is an appeal from the district court's denial of appellant's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Appellant was convicted by a jury of trafficking in heroin and was sentenced to imprisonment for ten to fifty years. On appeal, appellant contends that various procedural irregularities deprived him of a fair trial. These alleged irregularities can be summarized as follows: prejudicial delay, coercive jury polling, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel.

■ Appellant first contends that the ten-month delay between the time he allegedly committed the crime of trafficking in heroin and the date the criminal information was filed violated his right to due process. The standards by which the constitutionality of preindictment delay must be tested are (1) that the defense must be substantially prejudiced by the delay and (2) that the reasons for the prosecutor's delay must be improper. *See United States v. Lovasco*, 431 U.S. 783, 788–790, 97 S.Ct. 2044, 2047–2048, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971); *United States v. Comosona*, 614 F.2d 695 (10th Cir. 1980); *United States v. Radmall*, 591 F.2d 548 (10th Cir. 1978). After reviewing the record before us in light of these standards, we conclude that appellant's claim of unconstitutional delay is without merit.

Further, we hold that the state court's finding that none of the jurors was coerced by the trial court during the polling of the jury is supported by the record. *See United States v. Smith*, 562 F.2d 619, 621–22 (10th Cir. 1977).

We also find that the record as a whole does not show that the prosecutor's mention of appellant's prior felony conviction violates any constitutional standard.

■ Appellant's last contention is that, for various specific reasons, both his trial and his appellate counsel were sufficiently ineffective in assisting him with his defense that he must be granted a new trial. The federal district court, on appellant's petition for writ of habeas corpus, addressed the merits of these ineffective assistance of counsel claims by adopting the magistrate's recommendations.[1] These conclusory recommendations do not meet the standards outlined in *Edwards v. Oklahoma*, 577 F.2d 1119, 1121–22 (10th Cir. 1978), that, where a constitutional violation has been alleged with specificity, "the federal district court must hold an evidentiary hearing if the habeas petitioner did not receive a full and fair hearing in a state court on the matter

---

1. The magistrate's findings were as follows:
   5. Petitioner's counsel, trial and appellate, certainly could have presented a more complete appellate record, but the major issues involved here were adequately reviewed by direct appeal. The test applied in this Circuit as to adequacy of counsel was met. Petitioner's allegations of ineffectiveness during the pre-trial, trial and appellate proceedings are without merit.
   6. Petitioner received a fair trial.

sought to be raised in the habeas petition." *See also Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We find in the record before us no evidence that "a full and fair hearing" has ever been held with respect to the claims supporting appellant's ineffective assistance of counsel theory. Under these circumstances, *Edwards, Blackledge*, and *Townsend* require that the district court make specific findings as to whether this appellant is entitled to an evidentiary hearing, and if so, that it hold such a hearing. Accordingly, we reverse the district court's judgment as to this issue and remand the case for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.