Maceo FREEMAN, Petitioner,

v.

DIRECTOR OF KANSAS STATE PENITENTIARY, Respondent.

No. 80–3001.

United States District Court, D. Kansas.

April 2, 1982.

Maceo Freeman, pro se.

Robert Stephan, Kansas Atty. Gen., Topeka, Kan., for respondent.

MEMORANDUM & ORDER

SAFFELS, District Judge.

On March 14, 1980, this Court entered an order dismissing the above-encaptioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In dismissing the action, this Court had construed petitioner's application as raising two claims, that of insufficient evidence to sustain the jury verdict of guilty and illegal sentence, but based upon the single theory that the two verdicts entered in his state criminal case were inconsistent. In its order of dismissal,

this Court rejected petitioner's theory that the verdict of guilty against him for aggravated or armed robbery was inconsistent under Kansas law with a verdict of not guilty of possession of a firearm during the robbery.

On appeal, the order of dismissal was vacated and the cause remanded with instructions to make a finding as to whether petitioner has fully exhausted his state remedies and to proceed with a consideration of the merits, if appropriate.

The Court of Appeals found that petitioner raised two claims: "that there was insufficient evidence presented at trial to substantiate the jury verdict of guilty and that the sentencing court increased his sentence in violation of due process and double jeopardy." Before the merits of any of petitioner's claims may be considered, this Court is required to make specific findings as to whether petitioner has exhausted his state court remedies. *See Martinez v. Romero*, 640 F.2d 1151 (10th Cir. 1981). This Court issued an Order to Show Cause and has reviewed the Answer and Return, the Traverse thereto, and the relevant state court records in making the following determination.

The records demonstrate that on defendant's motion for new trial before sentencing, defense counsel for petitioner unsuccessfully argued that the jury verdict entered against petitioner of guilty of armed robbery, in violation of K.S.A. 21–3427, was inconsistent with the jury's verdict of not guilty of unlawful possession of a firearm, K.S.A. 21–4204(1)(d). Two points were raised by defense counsel on petitioner's direct appeal. Quoted from the appellate brief, they were:

"I. The trial court committed prejudicial error in its failure to grant a new trial based on the fact that the verdict was not substantiated by the evidence.

"II. The court committed prejudicial error in sentencing the appellant pursuant to K.S.A.1976 Supp. 21–4618."

In support of the first point, defense counsel argued: "In light of the testimony given, it is inconsistent to find that a firearm was present for purposes of satisfying the aggravated robbery charge and find that no such weapon was present for purposes of the unlawful possession of a firearm." Relevant portions of the transcript of trial show that the victim of the robbery had testified that the robber did have a gun and that she thought it was less than a foot long. In support of the second point, defense counsel stated, "Appellant submits this point on the basis of the argument and authorities raised in point I of this brief." Thus, it is clear to this Court that petitioner's two points on direct appeal were based only upon his theory that the verdicts were inconsistent. Included in the state court records reviewed by this Court is petitioner's post-conviction motion filed in the trial court. The two claims raised there are identical to the two points on appeal except that the word "constitutional" is substituted for "prejudicial." Grounds one and two set forth in petitioner's application to this Court are identical to his points raised on appeal, except that petitioner has substituted "prejudicial constitutional" for "prejudicial," and in point II has substituted "petitioner" for "appellant," as well as added "[i]n violation of 5th, 6th, 8th and 14th Amendment to the United States Constitution."

From its review of the state court records and written opinions of the state judges who considered petitioner's claims, this Court finds that petitioner has exhausted his claim that the verdict of guilty was not substantiated by the evidence only insofar as the claim is based upon his theory that the two verdicts were inconsistent. Any other factual basis petitioner may have for this claim must be presented to the state courts at the trial and appellate levels before it may be considered on federal habeas corpus.

The Court further finds that petitioner has exhausted his claim of unlawful sentencing under K.S.A.1976 Supp. 21–4618 only insofar as this claim is based upon his theory of inconsistent verdicts. Nowhere in the state court records do we find the claim

raised or discussed that the sentencing judge enhanced petitioner's sentence sixteen months subsequent to the sentencing proceeding in violation of the double jeopardy clause and due process.

In support of his claim of unlawful sentence in the application before this Court petitioner repeatedly alleges that the trial court's "Order Correcting Record," filed April 14, 1978, to reflect that a finding was made that defendant used a firearm in the commission of the robbery so that sentence was imposed pursuant to the Mandatory Sentencing Act, K.S.A. 21–4618, was contrary to the jury verdict of not guilty of possession of a firearm. Among these allegations, which had been presented on direct appeal and by post-conviction motion as the basis for petitioner's general claim of unlawful sentence, petitioner includes allegations made for the first time in his application to this Court that the trial court's order correcting the journal entry to reflect sentencing under the Mandatory Sentencing Act delayed the date of his eligibility for parole by seven years. These factual allegations are construed by the Court of Appeals as presenting a claim of an unconstitutional increase in petitioner's sentence without the benefit of procedural due process safeguards and in violation of double jeopardy.

The Court finds that the legal claim of an unconstitutional enhancement of petitioner's sentence and the factual allegations in support thereof first raised in this petition for federal habeas corpus relief have not been fairly presented to the courts of the state of Kansas. Petitioner must present this claim, together with the supporting facts, to the trial and appellate courts before it may be considered on federal habeas corpus.

In sum, although petitioner has challenged the sufficiency of the evidence and the legality of his sentence in the courts of the state, the only factual basis he presented for such claims pertained to the alleged inconsistency of the two verdicts. Any different factual basis for these claims have not been presented to the state courts.

Consequently, petitioner has failed to exhaust his state remedies on these new allegations. *Gurule v. Turner*, 461 F.2d 1083 (10th Cir. 1972); *Domaingue v. Butterworth*, 641 F.2d 8 (1st Cir. 1981); *Knoxson v. Estelle*, 574 F.2d 1339 (5th Cir. 1978); *Allah v. Henderson*, 526 F.Supp. 282 (S.D.N.Y.1981); *see also, Zicarelli v. Gray*, 543 F.2d 466 (3rd Cir. 1976); *Hackett v. Mulcahy*, 493 F.Supp. 1329 (D.N.J.1980).

Petitioner avers and respondent admits that state remedies have been exhausted on petitioner's claims. Nevertheless, this Court has found that the petition contains two claims on which petitioner has exhausted state remedies and two claims, as construed by the Tenth Circuit Court of Appeals, on which state remedies have not been exhausted. On March 3, 1981, the United States Supreme Court held that a district court must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379, 1982. Prior to this ruling, this Court was permitted to review the exhausted claims in a "mixed petition." *Whiteley v. Meacham*, 416 F.2d 36, 39 (10th Cir. 1969); *reversed on other grounds* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Now, a prisoner filed a "mixed petition" is left with the choice of returning to state court to exhaust on all of his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court. *Rose v. Lundy, supra*. The Supreme Court in *Rose v. Lundy, supra*, noted, however, that if the prisoner amends or refiles his petition to allege only his exhausted claims, he could lose the opportunity to litigate his presently unexhausted claims in federal court for the reason that under 28 U.S.C. § 2254, Rule 9(b), a district court may dismiss subsequent petitions if it finds that "the failure of the petitioner to assert those [new] grounds in a prior petition constituted an abuse of the writ." *Id.*

Petitioner shall be given twenty (20) days from the date this Order is filed in which to amend his petition, if he so chooses, to state only the two claims on which this Court has

found that he has exhausted state judicial remedies. These claims are that the evidence was insufficient to sustain a guilty verdict and that the sentence was illegal because the two verdicts are allegedly inconsistent. The Court repeats that if petitioner chooses to amend his petition to state only these two claims, he risks losing the opportunity to raise in federal court the two new claims as construed by the Court of Appeals. It appears that petitioner would be best advised to file a motion pursuant to K.S.A. 60–1507 in the sentencing court presenting his claim that the "Order Correcting Record" unconstitutionally enhanced his sentence by prolonging his parole eligibility date. Even though this Court held in the case cited and exhibited by respondent [*Lacy v. Atkins*, No. 81–3107 (D.Kan., 8/13/81, *unpublished*)] that a similar "Order Correcting Record" to reflect sentencing under Kansas' Mandatory Sentencing Act was not illegal, the facts in the two cases vary. Furthermore, the *Lacy* case is presently on appeal to the Tenth Circuit. Consequently, petitioner may have a viable claim of unconstitutional enhancement of sentence, but it must initially be presented in state court.

Likewise, if petitioner has facts, other than his allegations that the two verdicts are inconsistent, to support a claim that the evidence was insufficient to sustain the guilty verdict, he should present those facts in his new state post-conviction motion.

If petitioner does not amend his petition within the prescribed time to state only the claims on which he has been found to have exhausted state remedies, this action shall be dismissed, without prejudice, to allow him time to exhaust state court remedies on his new claims. He might thereafter file a petition for writ of habeas corpus in this Court based upon all of his claims.

IT IS BY THE COURT THEREFORE ORDERED that petitioner is hereby granted twenty (20) days from the date this order is filed in which to amend his petition to state only exhausted claims, if he so chooses; that the file then be returned to the undersigned judge for such further ac-tion as may be appropriate; and that the Clerk of this Court transmit copies of this Memorandum and Order to petitioner and to the Attorney General for the State of Kansas.