**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ALVAREZ-PASILLAS,

Defendant-Appellant.

No. 04-4288

District of Utah

(D.C. No. 2:04-CR-00096-2-PGC)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Jose Alvarez-Pasillas was convicted of attempted distribution of

methamphetamine and aiding and abetting in the distribution of methamphetamine

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Mr. Alvarez-Pasillas

raises two claims on appeal.  First, he contends that the district court erred by

directing jurors to resume deliberations, rather than declaring a mistrial, after one

juror indicated during polling that she changed her verdict to guilty based on

factors other than the evidence presented.  He also appeals his sentence under

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*United States v. Booker*, 543 U.S. 220 (2005), claiming that the district court's mandatory application of the sentencing guidelines constituted plain error. Because the district court was within its discretion in directing the jury to resume deliberations, and the district court's application of the sentencing guidelines does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, we **AFFIRM**.

## I. Background

Mr. Alvarez-Pasillas was indicted under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 for attempting to distribute methamphetamine and aiding and abetting in such distribution. He exercised his right to a jury trial, which commenced on August 30, 2004. The jury began deliberations at 1:40 p.m. on August 31, 2004. After nearly nine hours of deliberations, the jury returned a verdict of guilty. When the court polled each juror to confirm the verdict, juror 10, Ms. Butler, hesitated and started to cry before indicating "yes." Defense counsel requested that the court inquire further about Ms. Butler's verdict. The court asked Ms. Butler whether the guilty verdict was her verdict, and she responded, "I -- I -- I feel that I have to change my verdict to guilty just to -- so everyone can go home and everyone can get their medication, and everyone else agrees." R. Vol. II p. 8.

Upon hearing Ms. Butler's explanation, the court held a sidebar discussion with counsel. During the sidebar, Mr. Alvarez-Pasillas's counsel did not move

for a mistrial, but merely stated, "I would suggest we have a hung jury." *Id.* at 9. Instead of declaring a mistrial, the district court proposed seeing if the jurors could return the next day. The prosecution stated its preference for allowing the jury to reconvene the following morning and defense counsel did not object. The jurors agreed to return the next morning and the district court cautioned the jury that the verdict should not be "something that's rushed into or reached because of extraneous matters that don't tie into the evidence." *Id.* at 10. After the jurors left the courtroom, the district court judge asked defense counsel whether the situation was handled appropriately. Defense counsel responded:

> Yes, your Honor. I guess, for the record, I noted I think you could have declared a hung jury, but under these circumstances where a verdict was announced[] and then recanted[,] I think the resolution is appropriate. And frankly I sensed not only with her but at least two other jurors seemed to be crying, so I think a good night's sleep might help all of them.

*Id.* at 11. The jury returned at 8:25 a.m. the next morning and resumed deliberations. After nearly three more hours of deliberation, the jury returned a second guilty verdict. The court again polled the jury and no juror appeared to hesitate in confirming the verdict.

Mr. Alvarez-Pasillas was sentenced on November 19, 2004. At the hearing, defense counsel conceded that there did not appear to be any *Blakely* issues because the amount of methampetamine was submitted to the jury and no other sentencing enhancements were applied. Defense counsel requested a sentence "to

the low end of the guidelines," but stated that he did "not see any basis for a downward departure motion." R. Supp. 5. The district court found that Mr. Alvarez-Pasillas should be sentenced under the guidelines at offense level 36, criminal history category II, and sentenced him to 210 months in prison. On appeal, the only sentencing error Mr. Alvarez-Pasillas claims is the district court's mandatory application of the sentencing guidelines.

## II. Discussion

### A. District court's failure to declare a mistrial

Mr. Alvarez-Pasillas contends that the district court abused its discretion in failing to declare a mistrial when Ms. Butler announced that she changed her verdict to guilty for reasons unrelated to the evidence. Aside from arguing that the district court acted properly in allowing the jury to continue deliberations, the government also contends that Mr. Alvarez-Pasillas has waived this claim. We first address the issue of waiver, and then turn to the merits of the claim.

A criminal defendant's right to be convicted by a unanimous jury is so fundamental that it may not be waived. *United States v. Morris*, 612 F.2d 483, 489 (10th Cir. 1979). Unanimity is ensured, in part, through the process of polling. *Id.* If Ms. Butler's initial decision to change her verdict to guilty based on her desire to allow other jurors to return home tainted the remainder of the deliberative process, then Mr. Alvarez-Pasillas would have been deprived of his

-4-

right to a unanimous verdict. Accordingly, even if defense counsel's apparent endorsement of the district court's decision amounted to a waiver, that waiver was ineffective because a defendant cannot waive the right to a unanimous jury. *Cf. United States v. Lopez*, 581 F.2d 1338, 1342 (9th Cir. 1978) (reversing guilty verdict where defendant consented to a non-unanimous jury because a defendant cannot waive the right to a unanimous verdict).

Nonetheless, we review for plain error because defense counsel did not object to the district court's decision to have the jury continue deliberations. *See* Fed. R. Crim. P. 52(b). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks and citations omitted).

A defendant satisfies the first prong of plain error only when there has been a deviation from a legal rule. *United States v. Olano*, 507 U.S. 725, 732-33 (1993). Here, however, we conclude that the district court acted entirely properly in dealing with the wavering juror. Federal Rule of Criminal Procedure 31(d) provides, in pertinent part, that "[i]f the [jury] poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Rule 31(d) thus vests in the trial court broad discretion

whether to declare a mistrial or order the jury to resume deliberations. The trial judge "is in a better position than the appellate court to determine the effect of a dissenting or uncertain vote upon the likelihood that further deliberations will yield a freely given verdict." *United States v. Smith*, 562 F.2d 619, 622 (10th Cir. 1977).

In *Smith*, this Court confronted a similar question. There, a jury poll indicated that one juror was not certain about her verdict and further questioning revealed that the juror felt influenced by the other jurors and did not agree with the verdict. *Id.* at 620. The district court denied defense counsel's motion for a mistrial and sent the jury back for further deliberations, after which the jury returned a unanimous guilty verdict. *Id.* at 621. We held that the district court judge did not abuse his discretion in directing further deliberations rather than declaring a mistrial. *Id.* at 622.

As in *Smith*, we cannot say that it was an abuse of discretion to order the jury to resume deliberations after Ms. Butler revealed that she acquiesced in the verdict due to time pressures. When polled, Ms. Butler did not state that she was certain that Mr. Alvarez-Pasillas was not guilty, only that she felt that she had to change her verdict because other jurors wanted to return home. This is precisely the type of problem that can be cured by allowing the jurors to return home for the evening and reconvene the following morning for additional deliberations.

Indeed, even defense counsel conceded that "a good night's sleep might help all [the jurors]." Furthermore, the record reveals that after deciding to have the jury resume deliberations, the district court judge reminded the jury about the importance of reaching a decision based on the evidence rather than extraneous factors. The jury never stated it was deadlocked and ultimately reached a verdict only after an additional three hours of deliberation. Accordingly, we have no basis for thinking the district court abused its discretion.

*B. Sentencing under* Booker

We evaluate next Mr. Alvarez-Pasillas's request for re-sentencing in light of the Supreme Court's remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005). The error which Mr. Alvarez-Pasillas claims is non-constitutional *Booker* error. Non-constitutional *Booker* error occurs when a district court applies the guidelines in a mandatory, as opposed to discretionary, fashion. *Gonzalez-Huerta*, 403 F.3d at 731-32. Because Mr. Alvarez-Pasillas did not object to the mandatory imposition of the sentencing guidelines, we review his claim for plain error. We will correct an error not raised at trial only if it is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 732.

Mr. Alvarez-Pasillas claims that the district court committed non-constitutional *Booker* error by imposing his 210-month sentence, which was at the

bottom of the guidelines range of 210 to 260 months, pursuant to the then-mandatory guidelines. The government concedes that this mandatory application of the guidelines constitutes error that is plain, but contends that Mr. Alvarez-Pasillas cannot demonstrate that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Mr. Alvarez-Pasillas claims that he is entitled to reversal because non-constitutional *Booker* error is structural, thus eliminating any need for a showing of prejudice. His structural error claim, however, is directly foreclosed by this Court's en banc decision in *Gonzalez-Huerta*, 403 F.3d at 734.

We therefore turn to the fourth prong of plain error review: whether the mandatory application of the Sentencing Guidelines in Mr. Alvarez-Pasillas's case "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *See id.* at 736. This Court will notice a non-constitutional *Booker* error only if it is "particularly egregious" and "failure to notice the error would result in a miscarriage of justice." *Id.* (internal quotation marks and citations omitted). Mr. Alvarez-Pasillas bears the burden of satisfying this demanding standard. *Id.* at 737.

Affirming the sentence imposed by the district court would not result in a miscarriage of justice. Mandatory application of the guidelines is not particularly egregious or a miscarriage of justice where a defendant receives a sentence that

falls within the national norm, the record is devoid of mitigating evidence that would warrant a departure, and there is no evidence that the district court felt constrained by the Guidelines or was displeased with the sentence. *Id.* at 738; *United States v. Treto-Martinez*, 421 F.3d 1156, 1161 (10th Cir. 2005). Mr. Alvarez-Pasillas has not argued that his sentence is outside the national norm, but merely claims that the sentence was imposed pursuant to mandatory application of the sentencing guidelines. Nor is there mitigating evidence warranting a lower sentence. At sentencing, defense counsel stated that he did "not see any basis for a downward departure motion" and simply requested a sentence "to the low end of the guidelines." R. Supp. 5. Finally, the transcript of the sentencing hearing does not indicate that the district court judge was displeased with the sentence imposed or would have imposed a lower sentence had the guidelines been discretionary. Under our holding in *Gonzalez-Huerta*, Mr. Alvarez-Pasillas has failed to establish that mandatory application of the guidelines was "particularly egregious" or resulted in a "miscarriage of justice." Accordingly, we must deny Mr. Alvarez-Pasillas's request for resentencing.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** Mr. Alvarez-Pasillas's conviction and sentence.

Entered for the Court,

Michael W. McConnell
Circuit Judge